DECISION AND JUDGMENT ENTRY
{¶ 1} Jay Vandersall appeals his criminal child enticement conviction from the Toledo Municipal Court. Because we conclude that the conviction was supported by sufficient evidence and was not against the manifest weight of the evidence and that trial counsel did not err when he failed to object to the excited utterance of a child, we affirm.
 Facts {¶ 2} Vandersall was charged in a complaint filed on April 30, 2002 with one count of criminal child enticement, a violation of R.C. 2905.05. Testimony at trial showed that on April 11, 2002, Vandersall was driving his truck on Eastern Avenue in Toledo, looking for a church that was holding services. Even though a parking lot across from Immaculate Conception Church was available, he parked well down the street and walked past a residence where small children were playing outside. He went to the church's front door, turned around, and walked slowly by the home again. A friend of the family was watching the children at the time. She testified that Vandersall looked at the small children playing in front of the house for an abnormally long time both going to and coming from the church.
 {¶ 3} After Vandersall returned to his truck, testimony showed that one of the children, a three year old boy, stopped riding his tricycle, laid it on the ground, and approached the truck with his hand extended. Vandersall was leaning from the driver's side to the passenger's side of the vehicle. At this point, the child's mother saw her son and screamed his name so that the child quickly stepped away from the truck. Vandersall then quickly sat upright, started the truck, backed up, and sped away at a high rate of speed.
 {¶ 4} The mother then confronted her child about what he was doing: "He said that nice man. I said what nice man. That nice man in the blue truck. I said what about that nice man in the blue truck. That nice man has candy for me, has green candy for me. I'm going to go to his house and get some candy." A few days later, during an investigation, Detective Riddle of the Toledo Police Department spoke with Vandersall. Vandersall admitted that he had parked by the house, saw the children, smiled at the three year old, and may have talked with him. Riddle testified that, although Vandersall later minimized this statement, he admitted that he left the scene at a high rate of speed because he was afraid of the child's mother and knew she was upset. Vandersall also stated that he fantasized sexually about little boys and little girls and did not see them as children, just as objects.
 {¶ 5} After a bench trial, Vandersall was found guilty of criminal child enticement, a misdemeanor of the first degree. He was sentenced to a total of 180 days at the Corrections Center of Northwest Ohio (with 170 days suspended) and placed on two years of probation with the condition of continued counseling. He now appeals his conviction.
 Assignments of Error {¶ 6} "1. Appellant was denied his constitutional right to effective assistance of counsel when his trial attorney failed to object to the admission of hearsay which was not admissible under any exception to the hearsay rule, which was highly prejudicial, and which was in fact considered by the trial court in rendering its verdict.
 {¶ 7} "2. Appellant's conviction is not supported by sufficient admissible evidence in the record.
 {¶ 8} "3. The manifest weight of the admissible evidence in the record does not support appellant's conviction."
 First Assignment of Error {¶ 9} The first assignment of error raises two issues: ineffectiveness of counsel and the admissibility of a statement from a child witness who was deemed incompetent to testify at trial. Because the statement Vandersall now objects to qualifies as an excited utterance and is admissible, the failure to object to it does not constitute ineffective assistance of counsel.
 {¶ 10} The United States Supreme Court in Strickland v. Washington
(1984), 466 U.S. 668, 687, set forth the standard for reversing a defendant's conviction based on ineffective assistance of counsel. The two-prong test requires a showing that (1) counsel's performance was so deficient as to not function as the counsel guaranteed by the Sixth Amendment, and (2) counsel's errors were prejudicial and deprived the defendant of a trial whose result was reliable. To warrant reversal, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 {¶ 11} In discussing the issue of attorney competence, the Ohio Supreme Court observed: "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. [citations omitted] * * * Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.' [citation omitted]" State v.Frazier (1991), 61 Ohio St.3d 247, 253. This presumption means that a great amount of deference must be given to counsel's trial strategy.State v. Carter (1995), 72 Ohio St.3d 545, 558. Even a questionable trial strategy does not compel a finding of ineffective assistance of counsel.State v. Smith (2000), 89 Ohio St.3d 323, 328; State v. Clayton (1980),62 Ohio St.2d 45, 49.
 {¶ 12} There is no dispute in this case that the trial court found that the three year old boy was deemed incompetent to testify. There is also no dispute that the child made a statement to his mother when he was questioned by her at the scene when he was walking with hand outstretched toward the car. Although the statement is hearsay, it qualifies as an exception under the excited utterance rule. For a statement to be an excited utterance, it must be a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Evid.R. 803(2). The statement must concern an occurrence startling enough to produce a nervous excitement in the declarant, opportunity to observe, and must be made before the excitement loses a domination over reflective faculties. State v.Braden, 98 Ohio St.3d 354, 2003-Ohio-1325, at ¶ 103; State v.Huertas (1990), 51 Ohio St.3d 22, 31; Potter v. Baker (1955),162 Ohio St. 488, paragraph two of the syllabus.
 {¶ 13} Here, the child responded to his mother's screaming at him and her questions about his actions. The boy explained why he was walking with his hand outstretched toward the strange truck: "That nice man has candy for me, has green candy for me. I'm going to go to his house and get some candy." During cross-examination, the mother testified that she was alarmed about the situation, and her son "was very startled" after she screamed at him. The child's statement, therefore, qualifies as an excited utterance under Evid.R. 803(2).
 {¶ 14} An excited utterance made by a child witness may be admitted even though that child has been declared incompetent to testify at trial. The Supreme Court of Ohio stated the rule for excited utterances by incompetent witnesses: "The admission of a declaration as an excited utterance is not precluded by questioning which: (1) is neither coercive or leading, (2) facilitates the declarant's expression of what is already the natural focus of the declarant's thoughts, and (3) does not destroy the domination of the nervous excitement over the declarant's reflective faculties." State v. Wallace (1988), 37 Ohio St.3d 87, at paragraph two of the syllabus. Responses to questions such as — "What happened?", and "Who did it?" are admissible as excited utterances. Statev. Maldonado (Nov. 7, 1997), 6th Dist. App. No. E-96-052. The mother's questions to her child were of this type and were therefore admissible. See, State v. Wallace (1988), 37 Ohio St.3d 87, at paragraph three of the syllabus; State v. Boston (1989), 46 Ohio St.3d 108, 114 fn.1. As the evidence in question would have been admissible even over an objection, trial counsel's failure to object is not ineffective assistance of counsel. Appellant's first assignment error is found not well-taken.
 Second and Third Assignments of Error {¶ 15} The second and third assignments of error are interrelated and will be addressed together. We find that there was sufficient evidence to support Vandersall's conviction and that his conviction was also supported by the manifest weight of the evidence.
 {¶ 16} Weight of the evidence means a greater amount of credible evidence supports one side of an issue more than the other. State v.Thompkins (1997), 78 Ohio St.3d 380, 387, quoting Black's Law Dictionary (6 Ed. 1990) 1594. The Ohio Supreme Court has noted: "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." Id., citing Tibbs v. Florida (1982), 457 U.S. 31,42. To determine whether this is an exceptional case where the evidence weighs heavily against conviction, an appellate court must review the record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id. quoting State v. Martin (1983),20 Ohio App.3d 172, 175. Only if we conclude that the trier of fact clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice will we reverse the conviction and order a new trial.
 {¶ 17} Here, the factfinder was the trial judge. She heard the testimony, observed the body language, evaluated voice inflections, observed hand gestures, perceived the interplay between the witness and the examiner, and watched the witness's reaction in the courtroom. Upon appellate review, we are to accord due deference to the credibility determinations made by the factfinder. See, State v. DeHass (1967),10 Ohio St.2d 230, at paragraph one of the syllabus.
 {¶ 18} Sufficiency of the evidence asks whether the evidence is legally adequate to support a verdict on all elements of an offense.State v. Thompkins (1997), 78 Ohio St.3d 380, 386-387. The reviewing court is to examine the trial evidence to determine whether, if believed, it would convince the average mind of the defendant's guilt beyond a reasonable doubt. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 19} As was stated in another criminal child enticement case where sufficiency and manifest weight of the evidence was an issue, "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." Lakewood v. Dorton, 8th
Dist. No. 81043, 2003-Ohio-1719, at ¶ 32, citing State v. Roberts
(Sept. 17, 1997) Lorain App. No. 96CA006462.
 {¶ 20} A review of the record supports the judge's finding of criminal child enticement under R.C. 2905.05.[1] Trial testimony and reasonable inferences from established facts show that Vandersall, tried to solicit, coax, entice, or lure the three years old boy into his truck. The child placed the tricycle he was riding on the ground and walked with his hand extended toward the door of the truck Vandersall was driving. Vandersall was leaning over from the driver's side to the passenger's side of the truck and told Detective Riddle that he "may have talked to the child." The child recounted to his mother: "That nice man has candy for me, has green candy for me. I'm going to go to his house and get some candy." Vandersall did not have permission of the boy's parents and was not subject to any of the statutory exemptions that allow a child to be approached. The mother had screamed her child's full name to get him away from the strange truck, and Vandersall quickly sat upright and sped away — stating later to Detective Riddle that he was afraid of the child's mother and knew she was upset.
 {¶ 21} This was a bench trial. The usual presumption is that in a criminal bench trial, the court considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary. State v. Poelking, 8th Dist. No. 78697, 2002-Ohio-1655; State v. Post (1987), 32 Ohio St.3d 380, 384;State v. White (1968), 15 Ohio St.2d 146, 151. Here, nothing suggests affirmative consideration of irrelevant, immaterial, or incompetent evidence. Therefore, we find that Vandersall's conviction was supported by sufficient evidence and by the manifest weight of the evidence. Appellant's second and third assignments of error are found not well-taken.
 {¶ 22} Since substantial justice was done to appellant, the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., JUDGE, Richard W. Knepper, J., JUDGE andJudith Ann Lanzinger, J., JUDGE CONCUR.
[1] R.C. 2905.05 states in pertinent part:
"(A) No person, by any means and without privilege to do so, shall knowingly solicit, coax, entice, or lure any child under fourteen years of age to accompany the person in any manner, including entering into any vehicle as defined in section 4501.01 of the Revised Code, whether or not the offender knows the age of the child, if both of the following apply:
"(1) The actor does not have the express or implied permission of the parent, guardian, or other legal custodian of the child in undertaking the activity;
"(2) The actor is not a law enforcement officer, medic, firefighter, or other person who regularly provides emergency services, and is not an employee or agent of, or a volunteer acting under the direction of, any board of education, or the actor is any of such persons, but, at the time the actor undertakes the activity, the actor is not acting within the scope of the actor's lawful duties in that capacity."