THE STATE OF OHIO, APPELLEE, *v.* COWAN, APPELLANT.

[Cite as *State v. Cowan,* 101 Ohio St.3d 372, 2004-Ohio-1583.]

(Nos. 2003–0019 and 2003–0469—Submitted December
2, 2003—Decided April 14, 2004.)

LUNDBERG STRATTON, J.

{¶ 1} Today this court must resolve a conflict among the courts of appeals by answering the following question: "Whether a municipal court has jurisdiction to review a petition for post-conviction relief, filed pursuant to R.C. 2953.21, where the conviction is based upon violation of a state law."

{¶ 2} Janice E. Cowan, defendant-appellant, was convicted in 2001 of one count of domestic violence in violation of R.C. 2919.25(A) in the Portage County Municipal Court, Ravenna Division. Cowan filed a notice of appeal with the Court of Appeals for Portage County. In May 2001, Cowan also filed a petition for post-conviction relief in the trial court and moved the appellate court for a remand. The appellate court remanded the case to the trial court for a ruling on Cowan's post-conviction relief petition.

{¶ 3} The trial court held a hearing and dismissed Cowan's petition on substantive grounds in addition to finding that the court lacked jurisdiction under R.C. 2953.21 to consider a petition for post-conviction relief.

{¶ 4} On direct appeal, the Court of Appeals for Portage County affirmed Cowan's conviction and sentence. *State v. Cowan* (Dec. 7, 2001), Portage App. No. 2001–P–0028, 2001 WL 1561788. Later, the Court of Appeals for Portage County affirmed the judgment of the trial court with respect to its dismissal of Cowan's petition for post-conviction relief. Further, the appellate court certified

that its opinion conflicted with that of the Fifth District Court of Appeals in *State v. Dunlap* (Oct. 23, 1997), Licking App. No. 97–CA–53.

{¶ 5} This cause is now before the court upon our determination that a conflict exists and pursuant to our acceptance of a discretionary appeal.

## History of Post-conviction Relief

{¶ 6} In 1949, the United States Supreme Court held that states must provide their prisoners with some "clearly defined method by which they may raise claims of denial of federal rights." *Young v. Ragen* (1949), 337 U.S. 235, 239, 69 S.Ct. 1073, 93 L.Ed. 1333. In 1955, the National Conference of Commissioners on Uniform State Laws adopted a Uniform Post–Conviction Procedure Act. See Uniform Post–Conviction Procedure Act (1980), Refs. & Annos.; *Dayton v. Hill* (1970), 21 Ohio St.2d 125, 127, 50 O.O.2d 328, 256 N.E.2d 194. That Act was specifically limited to persons convicted of a felony. Id. at 126, 50 O.O.2d 328, 256 N.E.2d 194, citing 9B Uniform Laws Annotated 541 et seq.

{¶ 7} In 1965, Ohio adopted its own post-conviction law, R.C. 2953.21 et seq., modeled after Nebraska's recently enacted law. 131 Ohio Laws 685–686; *Hill* at 126, 50 O.O.2d 328, 256 N.E.2d 194. This court reviewed Ohio's post-conviction law in 1970 when it was asked to consider whether a petition for post-conviction relief could be filed in municipal court as a result of a conviction and sentence for violating a *municipal ordinance*. Id. We answered in the negative. Id. at syllabus. However, we left open the question of whether municipal courts have jurisdiction to review petitions for post-conviction relief where the misdemeanor conviction is based upon a violation of a *state law*.

## Ohio's Post-conviction Relief Act

{¶ 8} We turn to the language of the statute for our answer. R.C. 2953.21(A)(1)(a) provides:

{¶ 9} "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."

{¶ 10} Cowan argues that a municipal court has jurisdiction to review a petition for post-conviction relief, filed pursuant to R.C. 2953.21, where the conviction is based upon a violation of a state law. At the outset, Cowan disputes this court's holding in *Hill* barring post-conviction relief for persons convicted of violating a municipal ordinance. She argues that the plain language of the statute states

that post-conviction petitions can be filed by "any person convicted of a criminal offense," which would include state violations, and that the statute does not limit such petitions to common pleas courts. The state contends that the balance of the statute and this court's statements in *Hill* reflect an intention by the General Assembly to limit jurisdiction over post-conviction relief petitions to common pleas court. We agree.

{¶ 11} Municipal courts are creatures of statute and have limited jurisdiction. R.C. 1901.18 and 1901.20 provide for their creation, with the former statute relating to civil matters and the latter relating to criminal and traffic matters. Neither R.C.1901.18 nor R.C.1901.20 provides for jurisdiction over post-conviction relief petitions in municipal court. Had the General Assembly envisioned such jurisdiction, it could have explicitly conferred it in R.C. Chapter 1901.

{¶ 12} Moreover, this court addressed the "plain language" argument in *Hill* and concluded that "[t]he sole language in the entire [Post–Conviction Procedure] Act which even suggests that it could apply to Municipal Court prosecutions for city ordinance violations is the General Assembly's use of the term 'criminal offense.' However, the remaining language, in both the original Act and in the 1967 amendment, clearly shows that no logical or reasonable procedure has been provided for the handling of postconviction petitions filed in a Municipal Court as the result of a conviction and sentence for violating a municipal ordinance." Id., 21 Ohio St.2d at 128, 50 O.O.2d 328, 256 N.E.2d 194.

{¶ 13} The *Hill* court, id. at 127–128, 50 O.O.2d 328, 256 N.E.2d 194, went on to examine various phrases in R.C. 2953.21 and 2953.24, and noted that the Ohio Act provides that " 'the prosecuting attorney' of the county in which the petition is filed shall be furnished a copy thereof; that in perusing the petition the court shall include in its consideration the 'indictment' in the prior cause; that the 'prosecuting attorney' shall respond to the petition; and that at a hearing on the petition, the petitioner may be released from custody and brought to the hearing upon a warrant of the 'court of common pleas of the county where the hearing is to be held.' Furthermore, the Act refers to 'the warden of the penitentiary, the superintendent of a state reformatory, or other head of a state penal institution,' [and] establishes machinery for the appointment of 'counsel.' " Id., 21 Ohio St.2d at 127–128, 50 O.O.2d 328, 256 N.E.2d 194. These statutory references led the *Hill* court to conclude that Ohio's post-conviction law was not intended to apply to municipal-ordinance convictions. We see no logical reason to arrive at a different conclusion with respect to state-law convictions in municipal court.

{¶ 14} The *Hill* court reviewed the history of Ohio's Post-conviction Relief Act and Nebraska's analogous legislation and determined that "[e]ven though neither of the two acts was directly limited to state convictions, both leave no doubt that the county prosecuting attorney's office is to participate in any hearing on such

petitions." Id., 21 Ohio St.2d at 126, 50 O.O.2d 328, 256 N.E.2d 194. This is because the statutory language declares that once a petition is filed, the clerk shall immediately forward a copy of the petition "to the prosecuting attorney *of that county.*" (Emphasis added.) R.C. 2953.21(B). In *Hill,* this language led us to conclude that the legislature did not intend for Ohio's post-conviction relief law to apply to persons convicted of violating a municipal ordinance. Id. at 127–128, 50 O.O.2d 328, 256 N.E.2d 194.

{¶ 15} The majority of Ohio's 88 county prosecuting attorneys do not have authority to prosecute defendants in municipal court. See R.C. 1901.34(A) (granting such authority instead to the chief legal officer of each municipal corporation) and (B) (granting limited authority to prosecuting attorneys from 13 counties to prosecute violations of state law in municipal court). Therefore, even if we concluded that the plain language of R.C. 2953.21 granted jurisdiction to municipal courts to review post-conviction relief petitions, county prosecutors who had no prior involvement in a municipal case would receive petitions for post-conviction relief filed in municipal court. See R.C. 2953.21(B), which requires the clerk of the court in which the petition is filed to forward a copy to the county prosecuting attorney. The prosecutor would have ten days after the petition is docketed to respond to a case in which he or she had not previously been involved. See R.C. 2953.21(D). We conclude that this interpretation would be incongruous with the original intent of the General Assembly in drafting Ohio's Post-conviction Relief Act.

{¶ 16} The conflict case examined the language of R.C. 2953.21 and concluded that R.C. 2953.21 "does not limit the post-conviction relief remedy to felonies, nor does it limit its jurisdiction to the Court of Common Pleas." *State v. Dunlap* (Oct. 23, 1997), Licking App. No. 97–CA–53. The *Dunlap* court reasoned that "the statute was not intended to apply solely to felony convictions, as R.C. 2953.21(A)(5) provides a specific right to an equal protection claim in sentencing for a person convicted of a felony offense. If the general provisions of the statute were not meant to apply to a person convicted of a misdemeanor, there would be no need to include a separate section directed specifically toward felony convictions." Id.

{¶ 17} We disagree with the reasoning in *Dunlap.* Rather than finding that R.C. 2953.21(A)(5) is a separate section directed specifically toward felony convictions, we conclude that (A)(5) is nothing more than an opportunity for prisoners to allege an equal-protection violation when their sentence "was part of a consistent pattern of disparity in sentencing" regarding the petitioner's "race, gender, ethnic background, or religion." R.C. 2953.21(A)(5).

{¶ 18} Cowan urges us to read the statute to conclude that municipal courts have jurisdiction to review post-conviction relief petitions filed pursuant to R.C.

2953.21 where the conviction is for a violation of state law. However, this court in *Hill* has already held that to allow municipal courts to review post-conviction petitions "would create chaos and uncertainty at both county and municipal levels of government as to how to process postconviction petitions filed under circumstances obviously not envisioned by the General Assembly." Id., 21 Ohio St.2d at 128, 50 O.O.2d 328, 256 N.E.2d 194. In *Hill,* we noted that the language of both the original R.C. 2953.21 and its amendments by 1967 Am.Sub.S.B. No. 383 "clearly shows that no logical or reasonable procedure has been provided for the handling of postconviction petitions filed in a Municipal Court as the result of a conviction and sentence for violating a municipal ordinance." Id.

{¶ 19} In the years since this court's decision in *Hill,* the General Assembly has amended the post-conviction relief statute several times but still has never provided a procedure for handling any type of post-conviction petition in municipal court. See, e.g., 146 Ohio Laws, Part IV, 7815, 7823 (eff. 9–21–95); 146 Ohio Laws, Part VI, 10539, 10549 (eff. 10–16–96); Sub.S.B. No. 11 (eff. 10–29–03). In order for this court to hold that R.C. 2953.21 allows for municipal court jurisdiction, we would have to devise a procedure under which this post-conviction review could be accomplished in municipal court, since it is not provided in the plain language of the statute. To create this procedure would be to rewrite the statute, a function that must be left to the discretion of the General Assembly if it disagrees with the interpretations taken by this court.

{¶ 20} Accordingly, we hold that a municipal court is without jurisdiction to review a petition for post-conviction relief filed pursuant to R.C. 2953.21.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, O'CONNOR and O'DONNELL, JJ., concur.

———————

Victor V. Vigluicci, Portage County Prosecuting Attorney, and Pamela J. Holder, Assistant Prosecuting Attorney, for appellee.

Mentzer, Vuillemin & Mygrant, Ltd., and Erik M. Jones, for appellant.

Jason A. Macke, urging reversal for amicus curiae Ohio Association of Criminal Defense Lawyers.