DECISION.
{¶ 1} Petitioner-appellant Earl Estep presents on appeal a single assignment of error in which he contends that the Hamilton County Municipal Court erred when it denied his R.C. 2953.21 petition for postconviction relief. We affirm the judgment of the court below.
 {¶ 2} In February of 2002, the municipal court convicted Estep of criminal child enticement in violation of R.C. 2905.05 and stayed the execution of his sentence. Estep timely appealed his conviction, but in August of 2002, he voluntarily dismissed the appeal. The trial court lifted the stay and "found" him to be a "sexually oriented offender."
 {¶ 3} Almost two years later, in June of 2004, Estep sought relief from the requirement that he register as a sexually oriented offender by filing with the municipal court a postconviction petition. In his petition, he contended that the court could not, consistent with our intervening decision in State v. Golden, 1st Dist. Nos. C-030460 and C-030461, 2004-Ohio-2276, jurisdictional motion overruled,103 Ohio St.3d 1429, 2004-Ohio-4524, 814 N.E.2d 491, require him to register as a sexually oriented offender, when the record of the proceedings at his child-enticement trial did not show that his offense had been sexually motivated. The court denied the petition, and Estep appealed.
 {¶ 4} Estep's sexually-oriented-offender classification arose as a matter of law. See R.C. 2950.01(D)(1)(b)(vi). His classification, in turn, gave rise to the requirement that, for a period of ten years, he register with, and annually verify his whereabouts to, the sheriff in the county where he resides. See R.C. 2950.04, 2950.06(B)(2), and2950.07(B)(3). In State v. Golden, we held that a sexually oriented offender could challenge the constitutionality of the registration requirement as it applied to him if the underlying sexually oriented offense was not shown to have been sexually motivated.
 {¶ 5} A postconviction petition may be filed by "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1)(a). Thus, a postconviction petitioner must base his claim for relief upon a violation of a constitutional right, and the violation of that right must have the effect of rendering the petitioner's conviction "void or voidable."
 {¶ 6} We conclude that a postconviction petition did not provide a means for Estep to advance his challenge to the constitutionality of the registration requirement. R.C. 2953.21 confers jurisdiction over a postconviction petition only upon a common pleas court, not a municipal court. See State v. Cowan, 101 Ohio St.3d 372, 2004-Ohio-1583,805 N.E.2d 1085. Moreover, R.C. Chapter 2950's registration requirement constitutes a non-punitive measure that is civil in nature. See State v.Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570. Thus, even if the imposition upon Estep of the registration requirement could be said to be unconstitutional, that constitutional violation would not have had the effect of voiding his conviction for criminal child enticement. See R.C.2953.21(A)(1)(a).
 {¶ 7} We, therefore, hold that the municipal court properly denied Estep's postconviction petition. Accordingly, we overrule the assignment of error and affirm the judgment of the court below.
Doan, P.J., Hildebrandt and Gorman, JJ.