JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Michael Troy Watson, pro se, appeals from the judgment of the Cleveland Heights Municipal Court which found him guilty of domestic violence. For the reasons that follow, we affirm.
 {¶ 2} The record reflects that Watson was charged with domestic violence pursuant to R.C. 2919.25(A)[1] following a dispute with his then eighteen-year-old daughter Lindsay Watson. Watson entered a plea of not guilty and the case proceeded to a bench trial.
 {¶ 3} Lindsay Watson testified at trial that around midnight on October 29, 2003, she and her father had an argument on the telephone over money she needed for school supplies. After hanging up on Lindsay, Watson went to his parents' home, where Lindsay lived, to give her the money.
 {¶ 4} Lindsay met Watson in the kitchen and they again began arguing about school finances. Lindsay became agitated and told Watson, "You make me so mad that I can just punch you." Watson pointed his finger at Lindsay's face and told her to "shut the fuck up." Although Lindsay testified that Watson hit her first when she pushed his finger away from her face, Watson testified that he only hit Lindsay after she hit him several times as he tried to leave. Lindsay admitted that she hit her father several times because she was "upset" and "fighting back."
 {¶ 5} Lindsay's eyeglasses flew off her face when Watson hit her and by the next day, her eye was bruised and swollen shut. Watson broke two bones in his hand. Lindsay then left the home and drove to the police station, where she reported the incident.
 {¶ 6} After closing arguments, the trial court found Watson guilty of domestic violence. The trial court subsequently sentenced him to six months in jail, suspended, and a $1000 fine, all but $250 suspended.
 {¶ 7} Prior to sentencing, Watson filed a request for judicial disclosure by the acting judge, a request for findings of fact and conclusions of law, a motion for a new trial, a motion for judgment notwithstanding the verdict, and a motion for relief from judgment. After the trial court denied the motions, Watson filed a motion for immediate hearing, motion for extension of stay, and a motion for granting of postconviction relief. In addition, Watson filed renewed motions for immediate hearing, extension of stay, motion for granting postconviction relief, motion for judgment notwithstanding the verdict, request for findings of fact and conclusions of law, motion for a new trial, motion for relief from judgment, and request for judicial disclosure. The trial court denied all of Watson's motions and this appeal followed.
 {¶ 8} For clarity, we discuss the assignments of error slightly out of the order as presented by appellant.
 Motion for Postconviction Relief {¶ 9} In his first assignment of error, Watson contends that the trial court erred in denying his "motion for granting postconviction relief" filed on September 1, 2004. That motion asserted that the City had not responded within ten days, as required by R.C. 2953.21(D), to the various motions Watson had filed on July 12, 2004,[2] and, therefore, he was entitled to judgment in his favor on these motions. The trial court properly denied Watson's motion for postconviction relief.
 {¶ 10} In State v. Cowan (2004), 101 Ohio St.3d 372, 376, the Supreme Court of Ohio held that "a municipal court is without jurisdiction to review a petition for postconviction relief filed pursuant to R.C. 2953.21." The court reasoned that neither R.C. 1901.18 nor R.C. 1901.20, which confer civil and criminal jurisdiction to the municipal courts, provides for jurisdiction over postconviction relief petitions in the municipal court. Id. at 374. Therefore, because it lacks jurisdiction to review postconviction petitions, the trial court properly denied Watson's motion for granting of postconviction relief.
 {¶ 11} Moreover, even if the trial court had jurisdiction to review Watson's motion for granting of postconviction relief, as explained more fully below, the trial court properly denied each of Watson's motions. Accordingly, the trial court did not err in denying Watson's motion for granting of postconviction relief.
 {¶ 12} Appellant's first assignment of error is overruled.
 Request for Findings of Fact and Conclusions of Law {¶ 13} In his second assignment of error, Watson contends that the trial court erred in denying his request for findings of fact and conclusions of law pursuant to Crim.R. 12(F). We disagree.
 {¶ 14} Crim.R. 12(F) provides that "where factual issues are involved in determining a motion, the court shall state its essential findings on the record." (Emphasis added.) The rule applies to pleadings and motions filed before trial. Watson's request for findings of fact and conclusions of law did not reference any pre-trial motion; rather, the request was directed to the court's guilty verdict at the conclusion of trial. Thus, the rule does not apply to this matter.
 {¶ 15} Moreover, the Rules of Criminal Procedure require only that the court in a bench trial make a general finding regarding its verdict. See Crim.R. 23(C); see, also, State v. Walker (1985), 26 Ohio App.3d 29,31. Therefore, the trial court did not err in denying Watson's request for findings of fact and conclusions of law.
 {¶ 16} Watson's second assignment of error is therefore overruled.
 Motion for Judgment Notwithstanding the Verdict {¶ 17} In his third assignment of error, Watson contends that the trial court erred in denying his motion for judgment notwithstanding the verdict. He argues that Lindsay and her mother, his ex-wife, had repeatedly told him that the case would not go forward, so he did not subpoena his parents to appear at trial. Watson contends that the trial court improperly denied his motion for a continuance of the trial so that he could subpoena his parents as rebuttal witnesses.
 {¶ 18} The basis for Watson's motion for judgment notwithstanding the verdict appears to be Civ.R. 50. Because this matter is criminal in nature, however, the Civil Rules of Procedure are inapplicable. As this court has held, "A Civ.R. 50(B) motion for judgment notwithstanding the verdict has no applicability to final judgments rendered in criminal proceedings" and such motion is a "nullity" in the context of a criminal case. State v. Skaggs (Feb. 8, 1990), Cuyahoga App. No. 56570. Therefore, the trial court did not err in denying Watson's motion for judgment notwithstanding the verdict.
 {¶ 19} Moreover, the trial court did not abuse its discretion in denying Watson's motion for a continuance of trial. On the day of trial, at the close of his presentation of evidence, Watson made an oral motion for a continuance of trial so that he could produce his parents to rebut the testimony of Officer Quintero Mack, who testified for the State that Watson's parents told him that they did not witness the incident underlying the charges when he interviewed them shortly after the incident.
 {¶ 20} The record reflects that the trial date was set nearly two months before trial. Therefore, Watson had sufficient time prior to trial to subpoena his parents and/or request a continuance of trial. Watson's unsubstantiated assertion that he failed to subpoena them because he believed the trial would not go forward does not excuse his error. Accordingly, the trial court did not abuse its discretion in denying the motion.
 {¶ 21} Appellant's third assignment of error is overruled.
 Motion for Relief from Judgment {¶ 22} In his fourth assignment of error, Watson contends that the trial court erred in denying his motion for relief from judgment pursuant to Civ.R. 60(B).
 {¶ 23} Like Watson's motion for judgment notwithstanding the verdict, his motion for relief from judgment is a nullity in this matter. As this court has previously found, the Civil Rules are not applicable to criminal cases and arguments regarding Civ.R. 60(B) in a criminal matter are irrelevant. State v. Bluford (Nov. 20, 2003), Cuyahoga App. No. 83112. Accordingly, the trial court did not err in denying Watson's motion for relief from judgment.
 {¶ 24} Appellant's fourth assignment of error is overruled.
 Motion for a New Trial {¶ 25} In his fifth assignment of error, Watson argues that the trial court erred in denying his motion for a new trial so that he could present the testimony of his parents. We disagree.
 {¶ 26} First, the motion was not timely. Watson filed his motion for a new trial on July 12, 2004, 46 days after the trial court rendered its verdict. Crim.R. 33(B), however, provides that an application for a new trial must be made within 14 days after the decision of the trial court unless the motion for a new trial is on account of newly discovered evidence.
 {¶ 27} The affidavits of Watson's parents, which were attached to his motion for a new trial, did not present any newly discovered evidence. The record indicates that Watson moved for a continuance on the day of trial because he believed that his parents' testimony would contradict Officer Mack's testimony that he had interviewed the Watsons shortly after the incident. Thus, the evidence presented in the affidavits submitted after trial was not newly discovered at all. Watson knew as of trial what his parents would testify to but simply failed to call them as witnesses. Accordingly, because the motion for a new trial was not timely filed, the trial court did not err in denying the motion.
 {¶ 28} Moreover, we find nothing in the affidavits to warrant a new trial. The grant or denial of a motion for a new trial based on newly discovered evidence is within the sound discretion of the trial court.State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus.
 {¶ 29} Newly discovered evidence must satisfy several criteria to justify granting a new trial. Specifically, the trial court must consider whether the new evidence:
 {¶ 30} "(1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. State v. Petro (1947), 148 Ohio St. 505, at the syllabus.
 {¶ 31} In addition to the fact that the evidence was not newly discovered, the affidavits of Watson's parents serve only to contradict Officer Mack's testimony that he interviewed the parents at their home; they do not provide the court with any new, material evidence regarding the incident. In fact, in their affidavits, both parents specifically aver that they did not see any punches thrown by either Lindsay or Watson. Thus, the affidavits do not disclose a strong possibility that the evidence would change the outcome at trial. Accordingly, the trial court did not err in denying Watson's motion.
 {¶ 32} Appellant's fifth assignment of error is overruled.
 Motion for Immediate Hearing {¶ 33} In his seventh assignment of error, Watson argues that the trial court erred in denying his motion for immediate hearing. In that motion, Watson asserted that his parents and other "key witnesses" would be leaving the Cleveland area shortly and thus would be unavailable to testify on his behalf. Accordingly, Watson moved the court to immediately rule on the motions he had filed earlier or, in the alternative, to set an immediate hearing while the witnesses were still in the area.
 {¶ 34} The trial court did not err in denying Watson's motion for a hearing. The record reflects that on August 31, 2004, the day before Watson filed his motion for an immediate hearing, the trial court entered its orders denying Watson's motion for relief from judgment, request for findings of fact and conclusions of law, motion for judgment notwithstanding the verdict, and motion for new trial. Accordingly, the court granted Watson the relief requested in his motion and there was no need for a hearing.
 {¶ 35} Appellant's seventh assignment of error is overruled.
 Request for Judicial Disclosure {¶ 36} In his eighth assignment of error, Watson argues that the trial court erred in denying his request for judicial disclosure. In his request for judicial disclosure, Watson moved the court to disclose whether the acting trial judge has a membership and/or holds office in the Cuyahoga County Bar Association, which was pursuing disciplinary action against Watson on unrelated matters.
 {¶ 37} We find no abuse of discretion in the denial of this motion.
 {¶ 38} First, because Watson could have determined the judge's affiliation with the Bar Association by telephoning the Association and asking for a list of its members, we find no necessity for the court to disclose such information through an official entry.
 {¶ 39} Furthermore, "Canon 2 of the Code of Judicial Conduct provides that judges may belong to organizations devoted to improvement of the law and the legal system, such as bar associations, provided that they may not serve as officers or trustees if the organization appears frequently in the adversarial proceedings before the judge." In re Disqualificationof Judges of the First District Court of Appeals (2000),91 Ohio St.3d 1207. Affiliation with a particular organization does not require disqualification of a judge absent some affirmative indication of bias, prejudice, or other disqualifying interest. Id. Watson did not assert that the acting trial judge directly, or indirectly, participated in his disciplinary proceedings, nor did he assert that the judge had any particular bias or prejudice against him. Accordingly, the trial court did not abuse its discretion in denying the motion.
 {¶ 40} Appellant's eighth assignment of error is overruled.
 Judicial Reassignment {¶ 41} In his ninth assignment of error, Watson argues that Cleveland Heights Municipal Court Judge Buchanan abused his discretion in ruling on Watson's post-trial motions because he did not try the case. Watson contends that Acting Judge Hoffman, who conducted the bench trial, should have ruled on the motions.
 {¶ 42} In a criminal matter, case transfers after trial is concluded are governed by Crim.R. 25, which provides:
 {¶ 43} "If for any reason the judge before whom the defendant has been tried is unable to perform the duties of the court after a verdict or finding of guilt, another judge designated by the administrative judge * * * may perform those duties. * * *."
 {¶ 44} Reassignment of any case must be accompanied by a journal entry executed by the administrative judge which states a justifiable reason for transferring responsibility for the case to another judge. Berger v.Berger (1981), 3 Ohio App.3d 125, 130. Absent such an entry, the judge assuming to act has no authority and his rulings are voidable on timely objection by any party. Id.
 {¶ 45} Any party who fails to object promptly will be deemed to have accepted the transfer. Id.; see, also, State v. Taogaga, Cuyahoga App. No. 83505, 2004-Ohio-5594, at ¶ 8. If the party first learns about the transfer after action is taken by the new judge, the party waives any objection to the transfer by failing to raise that issue within a reasonable time thereafter. Berger, supra.
 {¶ 46} Here, there is no record entry of transfer to Judge Buchanan. Watson raised no objection to the transfer, however, either before or after Judge Buchanan issued his rulings. Accordingly, Watson has waived his right to object to the transfer.
 {¶ 47} Appellant's ninth assignment of error is overruled.
 Renewed Motion for Immediate Hearing, Extension of Stay, Motion for Granting Postconviction Relief, Motion for Judgment Notwithstanding the Verdict, Request for Findings of Fact and Conclusions of Law, Motion for a New Trial, Motion for Relief from Judgment, Request for Judicial Disclosure, and Other Relief. {¶ 48} In his sixth assignment of error, Watson contends that the trial court erred in denying his "renewed" motions for immediate hearing, extension of stay, motion for granting postconviction relief, motion for judgment notwithstanding the verdict, request for findings of fact and conclusions of law, motion for a new trial, motion for relief from judgment, request for judicial disclosure, and other relief.
 {¶ 49} For the various reasons discussed above, the trial court did not err in denying Watson's motion for immediate hearing, motion for granting postconviction relief, motion for judgment notwithstanding the verdict, request for findings of fact and conclusions of law, motion for a new trial, motion for relief from judgment, and request for judicial disclosure. Accordingly, the trial court likewise did not err in denying Watson's "renewed" motions for the same relief. Moreover, because the trial court had ruled on the motions, there was no need for a stay of execution of sentence and, therefore, the trial court properly denied Watson's motion for extension of stay.
 {¶ 50} We note that Watson attached the affidavit of his brother, Lawrence Watson, to his renewed motion. In his affidavit, Lawrence averred that Lindsay told him several months after the incident that she punched Watson first. Watson did not demonstrate that the evidence was discovered after trial, however, or that, in the exercise of due diligence, he could not have discovered the evidence before trial. Moreover, the alleged "new evidence" is not grounds for a new trial because it serves only to impeach or contradict Lindsay Watson's testimony that her father threw the first punch. Thus, it does not disclose a strong probability that it would change the result if a new trial were ordered and accordingly, the trial court did not err in denying Watson's renewed motion. State v. Petro, supra.
 {¶ 51} Appellant's sixth assignment of error is overruled.
 {¶ 52} Finally, we note that at oral argument, Watson argued that his conviction was against the manifest weight of the evidence. Watson did not raise this issue, however, in his brief on appeal. App.R. 16(A)(7) states that the appellant's brief "shall include * * * an argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to authorities, statutes, and parts of the record on which appellant relies." Pursuant to App.R. 12(A)(2), "the court may disregard an assignment of error presented for review if the party raising it fails to * * * argue the assignment separately in the brief, as required under App.R. 16(A)." Accordingly, any argument regarding the manifest weight of the evidence is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., AND Calabrese, Jr., J., concur.
[1] R.C. 2919.25(A) provides that "no person shall knowingly cause or attempt to cause physical harm to a family or household member."
[2] Watson filed a motion for relief from judgment, request for findings of fact and conclusions of law, motion for judgment notwithstanding the verdict, and motion for a new trial on July 12, 2004.