[Cite as *State v. Tucker*, 2013-Ohio-5102.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130026 |
| | | TRIAL NO. B-0406245 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| WALTER TUCKER, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 20, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Myron Y. Davis, Jr.,* for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**HENDON, Presiding Judge.**

{¶1}   In 2004, defendant-appellant Walter Tucker pleaded guilty to two counts of abduction, in violation of R.C. 2905.02(A)(2).  He was sentenced to concurrent three-year terms of incarceration.  Tucker was released in 2007.  At some point, he was informed that he was required to register under former R.C. Chapter 2950 ("Megan's Law").  *See* Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, enacted in 1996, was amended in 2003 by Am.Sub.S.B. No. 5, 150 Ohio Laws, Part IV, 6556.  On November 2, 2012, Tucker filed a "Motion to Relieve Duty to Register as Sex Offender."

{¶2}   At the hearing on his motion, Tucker argued that he should not be required to register as a sex offender because his crimes had not been committed with a sexual motivation.  The prosecutor agreed that Tucker's crimes had not been committed with a sexual motivation and stated that Tucker was required to register not as a sex offender, but as a child-victim oriented offender because Tucker's abduction victims had been a seven-year-old child and a one-year-old child.  Tucker did not dispute the ages of his victims, but continued to insist that his duty to register should be relieved because the crimes were not sexually motivated.  The trial court overruled the motion.  Tucker has appealed, raising a single assignment of error for our review.

{¶3}   Tucker's sole assignment of error alleges that the trial court erred in overruling his "Motion to Relieve Duty to Register as Sex Offender."  Tucker essentially argues that in the absence of any sexual motivation for his crimes, requiring him to register as a sex offender is unconstitutional because it is not rationally related to any legitimate state interest.  But Tucker is not required to register because he is a sex offender.  Tucker is required to register because he committed child-victim oriented offenses.

{¶4} Megan's Law was amended in 2003 by Am.Sub.S.B. No. 5, 150 Ohio Laws, Part IV, 6556. The amendments to former R.C. 2950.02 were designed to advance the legislature's "determinations and intent to provide information to protect public safety." The legislature stated in former R.C. 2950.02(A)(1) that "[i]f the public is provided adequate notice * * * about offenders * * * who commit child-victim oriented offenses, members of the public and their communities can develop constructive plans to prepare themselves and their children for the offender's release * * *." The legislature further stated that child-victim oriented offenders pose a risk of reoffending; that protecting the public from "offenders who commit child-victim oriented offenses is a paramount governmental interest"; that child-victim oriented offenders pose "increased risks" to "public safety"; that child-victim oriented offenders have a reduced privacy interest "because of the public's interest in safety"; and that releasing information about child-victim oriented offenders will "further the governmental interests of public safety and public scrutiny of the criminal" system. *See* former R.C. 2950.02 (A)(2), (4), (5) and (6). In providing for registration of child-victim oriented offenders, the legislature intended to "protect the safety and general welfare of the people" of Ohio and declared that the release of information regarding child-victim oriented offenders to the general public is "a means of assuring public protection." *See* former R.C. 2950.02(B).

{¶5} Former R.C. 2950.041(A)(1)(a) provided that an offender who had been sentenced to incarceration for a child-victim oriented offense and had been released from incarceration for that offense on or after July 31, 2003, was subject to Megan's Law's registration and reporting requirements. Former R.C. 2950.01(S)(1)(a)(i) defined abduction in violation of R.C. 2950.02(A)(2) as a child-victim oriented offense when it was committed by a person 18 years of age or older against a victim under 18 years of age and not a child of the offender. Tucker's

victims were seven years old and one year old. Therefore, he was convicted of child-victim oriented offenses. He was released from incarceration for those offenses in 2007. As a result, he is required to register under Megan's Law as a child-victim oriented offender.

{¶6} The cases Tucker cites in his brief are inapposite because they neither involve nor address the 2003 amendments to Megan's Law. Before the enactment of the 2003 amendments, the law did not provide for the category of child-victim oriented offenses. Certain crimes such as the ones committed by Tucker against minor victims were automatically labeled sexually-oriented offenses even if they had not been committed with a sexual motivation. This court noted in *State v. Golden*, 1st Dist. Hamilton Nos. C-030460 and C-030461, 2004-Ohio-2276, ¶ 27, that prior to the 2003 amendments to Megan's Law some Ohio courts had held that the requirement in former R.C. Chapter 2950 that a offender "be classified as a sexually-oriented offender, where the offenses are committed without sexual motivation, is unreasonable and arbitrary, and bears no rational relationship to the statute's purpose."

{¶7} In one of the pre-2003-amendments cases cited by Tucker, *State v. Barksdale*, 2d Dist. Montgomery No. C.A. Case No. 19294, 2003-Ohio-43, ¶ 21, the court stated that it had "little doubt that the legislature could * * * provide for regulation and reporting requirements for felons who have committed offenses against children, upon the theory that children require additional measures to protect them; but it would be unreasonable and arbitrary to denominate these felons as 'sexually oriented offenders' when their offenses involve no sexual motivation or purpose[.]" As the Tenth Appellate District pointed out in *State v. Small*, 162 Ohio App.3d 375, 2005-Ohio-3813, 833 N.E.2d 774, ¶ 46 (10th Dist.), "Indeed, the General Assembly in (2003) Am.Sub.S.B. No. 5 appeared to have recognized the

inconsistency of denominating persons who kidnap child victims absent any evidence of sexual motivation or purpose as 'sexually oriented offenders' by creating a new category in R.C. 2950.01, 'child-victim oriented offense * * *.' "

{¶8}    Tucker was convicted of child-victim oriented offenses, and therefore, he is subject to Megan's Law's registration and reporting requirements.    The assignment of error is overruled, and the judgment of the trial court denying Tucker's motion to relieve his duty to register is affirmed.

Judgment affirmed.

**HILDEBRANDT** and **CUNNINGHAM, JJ.,** concur.

Please note:
    The court has recorded its own entry this date.