[Cite as *State v. Smith*, 2016-Ohio-3521.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-150445 |
| | | C-150446 |
| Plaintiff-Appellee, | : | TRIAL NOS. 04CRB-6826A |
| | | 04CRB-6826B |
| vs. | : | |
| WILLIAM SMITH, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From:  Hamilton County Municipal Court

Judgments Appealed From Are:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  June 22, 2016


*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Christopher Liu*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann*, Assistant Public Defender, for Defendant-Appellant.

**STAUTBERG, Judge.**

{¶1} Defendant-appellant William Smith presents on appeal a single assignment of error challenging the Hamilton County Municipal Court's judgments overruling his postconviction motions to vacate his 2004 convictions for criminal child enticement in violation of R.C. 2905.05. Because Smith was convicted under an unconstitutional statute, we reverse the court's judgments.

### The Appeals are Not Moot

{¶2} We reject at the outset the state's argument that Smith's appeals from the overruling of his motions must be dismissed as moot because he had, in August 2007, completed the sentences imposed for his convictions and failed to demonstrate a collateral disability or loss of civil rights arising from his convictions.

{¶3} The doctrine of mootness is founded upon the "long and well established" principle that courts have a "duty * * * to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect." *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). Thus, a court has no duty to decide a matter that is "moot in the sense that the court cannot provide the appellant with any meaningful relief." *State v. Carr*, 1st Dist. Hamilton No. C-140172, 2015-Ohio-2529, ¶ 9, citing *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910), syllabus.

{¶4} Smith's child-enticement offenses were first-degree misdemeanors. R.C. 2905.05(C). An appeal challenging a misdemeanor conviction is moot, and thus subject to dismissal, if the offender has voluntarily completed his sentence and has failed to offer evidence permitting an "inference" that he has a "substantial stake in the judgment of conviction," by showing that, because of his conviction, he "will

suffer some collateral disability or loss of civil rights." *State v. Wilson*, 41 Ohio St.2d 236, 237, 325 N.E.2d 236 (1975), syllabus. *Accord Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 17-19.

{¶5} A collateral disability is "an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 10. An offender suffers under a collateral disability when he "may be subject to further penalties or disabilities under state or federal law even after a judgment has been satisfied." *Id.* at ¶ 14. A collateral disability "need not have an immediate impact or impairment but may be something that occurs in the future." *Id.* at 25. An appeal is moot "only if it is shown that there is no possibility [of] any collateral legal consequences." *Wilson* at 237, quoted in *In re S.J.K.* at ¶ 14.

{¶6} In 1996, the General Assembly enacted R.C. Chapter 2950 ("Megan's Law"), Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, providing for the classification and registration of sex offenders. In 2003, Megan's Law was amended by Am.Sub.S.B. No. 5, 150 Ohio Laws, Part IV, 6556, to provide for the classification and registration of an offender convicted of a "child victim oriented offense."

{¶7} Under the version of Megan's Law in effect in 2004, when Smith was convicted, his child-enticement convictions were, by definition, "child-victim oriented offense[s]." *See* R.C. 2950.01(S)(1)(a)(i). And he was, by operation of law, classified as a child-victim-oriented offender for purposes of the duty to register imposed by R.C. 2950.041(A)(1)(a). Thus, Smith was upon his August 2007 release from confinement, and he remains until August 2017, subject to the ten-year

registration requirements of then-effective R.C. 2950.041, along with any sanction that might be imposed under R.C. 2950.99 for violating his duty to register. *See* former R.C. 2950.041(F) and 2950.07(A)(1) and (B)(3) (effective July 31, 2003). *Accord State v. Tucker*, 1st Dist. Hamilton No. C-130026, 2013-Ohio-5102 (holding that defendant's 2004 conviction for the child-victim-oriented offense of abduction required him, upon his 2007 release from confinement, to register under former R.C. 2950.041(A)(1) as a child-victim-oriented offender).

{¶8} The registration and reporting requirements imposed under Megan's Law are not part of an offender's sentence. *State v. Cook*, 83 Ohio St.3d 404, 417, 700 N.E.2d 570 (1998). Therefore, Smith completed his sentences in August 2007, when he was released from confinement. But his duty to register as child-victim-oriented offender, with the accompanying risk of sanctions for violating that duty, constitutes a collateral disability that survives his completion of the sentences imposed upon his child-enticement convictions. Accordingly, his appeals from the overruling of his motions to vacate those convictions are not moot.

### The Child-Enticement Statute and <u>Romage</u>

{¶9} We also hold that the municipal court erred in not granting Smith the relief sought in his motions. Smith was convicted in 2004 on two counts of criminal child enticement in violation of the 2001 version of R.C. 2905.05. That version of the statute proscribed criminal child enticement as follows:

> (A) No person, by any means and without privilege to do so, shall knowingly solicit, coax, entice, or lure any child under fourteen years of age to accompany the person in any manner, including entering into

any vehicle or onto any vessel, whether or not the offender knows the age of the child, if both of the following apply:

(1) The actor does not have express or implied permission of the parent, guardian, or other legal custodian of the child in undertaking the activity.

(2) The actor is not a law enforcement officer, medic, firefighter, or other person who regularly provides emergency services, and is not an employee or agent of, or a volunteer acting under the direction of, any board of education, or the actor is any of such persons, but, at the time the actor undertakes the activity, the actor is not acting within the scope of the actor's lawful duties in that capacity.

{¶10} Before it was amended in 2001, the child-enticement statute had proscribed knowingly soliciting, coaxing, enticing, or luring a child under 14 "to enter into any vehicle." Am.Sub.S.B. No. 321, 140 Ohio Laws, Part I, 1192, 1211. In 1988 and 1989, we held that the pre-2001 version of the statute was not unconstitutionally vague or overbroad. *See State v. Long*, 49 Ohio App.3d 1, 2, 550 N.E.2d 522 (1st Dist.1989); *State v. Kroner*, 49 Ohio App.3d 133, 134-135, 551 N.E.2d 212 (1st Dist.1988).

{¶11} The 2001 amendment broadened the statute's proscription, prohibiting a person from knowingly soliciting, coaxing, enticing, or luring a child under 14 "to accompany the person *in any manner*, including entering into any vehicle." (Emphasis added.) S.B. No. 312, 148 Ohio Laws, Part V, 11668. In 2005, in *State v. Clark*, 1st Dist. Hamilton No. C-040329, 2005-Ohio-1324, ¶ 8, we followed

our decisions in *Long* and *Kroner* to hold that the 2001 version of the statute was not overbroad.

{¶12} In 2008, R.C. 2905.05 was again amended, to additionally prohibit, under division (B) of the statute, the act of violating division (A) of the statute "with a sexual motivation." S.B. No. 10, 152 Ohio Laws, Sec. 1. But division (A) of the statute remained unchanged.

{¶13} Thereafter, R.C. 2905.05(A) was held to be unconstitutionally overbroad by the Second Appellate District in 2008, *State v. Chapple*, 175 Ohio App.3d 658, 2008-Ohio-1157, 888 N.E.2d 1121, ¶ 18 (2d Dist.); by the Tenth Appellate District in 2012, *State v. Romage*, 2012-Ohio-3381, 974 N.E.2d 120 (10th Dist.); and by the Ninth Appellate District in 2013, *State v. Goode*, 2013-Ohio-556, 989 N.E.2d 107 (9th Dist.). And the Eighth Appellate District, in 2009, struck down as overbroad a substantially similar municipal ordinance. *Cleveland v. Cieslak*, 8th Dist. Cuyahoga No. 92017, 2009-Ohio-4035, ¶ 16.

{¶14} In 2014, the conflict between those appellate court decisions and our decision in *Clark* was resolved when the Ohio Supreme Court in *State v. Romage*, 138 Ohio St.3d 390, 2014-Ohio-783, 7 N.E.3d 1156, held that R.C. 2905.05(A) was unconstitutionally overbroad. The court concluded that R.C. 2905.05(A) "sweeps within its prohibitions a significant amount of * * * activity" protected by the First Amendment, because it prohibits soliciting, coaxing, enticing, or luring a child without requiring aggression toward the victim or the intent to commit an unlawful act,[1] and because the "common, ordinary meaning of the word 'solicit' encompasses

---

[1] The General Assembly had, in 2013, again amended R.C. 2905.05 to additionally prohibit, under subsection (C) of the statute, engaging in any activity described in division (A) of the statute, "for any unlawful purpose other than, or in addition to, that proscribed in division (A)."

6

'merely asking'." *Id.* at ¶ 10-11, 18. The court further determined that the statute's unconstitutional overbreadth could not be cured by severing or narrowly construing the term "solicit." *Id.* at ¶ 15-16. Thus, the court "invalidated" R.C. 2905.05 on the ground that it was unconstitutionally overbroad. *Id.* at ¶ 8 and syllabus.

### *Jurisdiction to Grant Relief*

{¶15} In cases on direct appeal, we have followed the Supreme Court's decision in *Romage* to reverse child-enticement convictions and order the defendants discharged. *See State v. Cobia*, 1st Dist. Hamilton No. C-140058, 2015-Ohio-331, ¶ 12; *State v. Rebholz*, 1st Dist. Hamilton No. C-130636, 2014-Ohio-2429, ¶ 3-4. But Smith did not appeal his convictions. Instead, in March and June 2015, over 11 years after he had been convicted and almost eight years after he had, in August 2007, completed the sentences imposed for his offenses, Smith filed with the municipal court motions seeking an order vacating his convictions on the authority of *Romage*. The municipal court overruled the motions, and these appeals followed.

{¶16} In his motions, Smith did not designate a statute or rule under which relief could be granted. A court confronted with such a motion may "recast" the motion "in whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.

{¶17} **No jurisdiction to grant habeas corpus, postconviction, or Civ.R. 56(B) relief.** But Smith's motions were not reviewable under R.C. 2725.01 et seq., as petitions for writs of habeas corpus. Relief may be afforded under the habeas corpus statutes only when the petitioner is presently in "the actual physical custody of the state." *Harrod v. Harris*, 1st Dist. Hamilton No. C-000791,

2001 Ohio App. LEXIS 2092 (May 11, 2001), citing *Tomkalski v. Maxwell*, 175 Ohio St. 377, 378, 194 N.E.2d 845 (1963). And Smith had, by August 2007, been released from confinement.

{¶18} Nor were Smith's motions reviewable under R.C. 2953.21 et seq., governing the proceedings on a petition for postconviction relief. The postconviction statutes require that a postconviction petition be filed with the court that sentenced the petitioner and confer jurisdiction over a postconviction petition only upon a common pleas court. *See State v. Cowan*, 101 Ohio St.3d 372, 2004-Ohio-1583, 805 N.E.2d 1085; R.C. 2953.21(A)(1)(a). Smith was convicted in municipal court.

{¶19} Crim.R. 57(B) requires a court to "look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." And Civ.R. 60(B)(5) permits a court to grant relief from a judgment for "any * * * reason justifying relief." We have held that, because the criminal rules provide no procedure for an offender convicted in municipal court to seek relief from his conviction based on evidence outside the record, Crim.R. 57(B) permits the offender to seek relief under Civ.R. 60(B)(5). *State v. Black*, 1st Dist. Hamilton No. C-070546, 2008-Ohio-3790. But Smith's challenge to the constitutionality of his convictions was not reviewable under Civ.R. 60(B)(5), because the challenge does not depend for its resolution upon outside evidence and was thus reviewable under the procedures provided for a direct appeal. Therefore, Crim.R. 57(B) did not require the municipal court to review this challenge under Civ.R. 60(B).

{¶20} *Jurisdiction to vacate void convictions.* But a court always has jurisdiction to correct a void judgment. *State ex rel. Cruzado v. Zaleski*, 111 Ohio

St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. And Smith's convictions were void.

{¶21} In *Romage*, the Ohio Supreme Court "invalidated" the 2008 version of the R.C. 2925.05(A) as unconstitutionally overbroad, because the statute prohibits anyone not specifically exempted under the statute from asking any child under 14 to accompany that person in any manner and for any reason. *Romage*, 138 Ohio St.3d 390, 2014-Ohio-783, 7 N.E.3d 1156, at ¶ 11. Because the 2008 amendment to R.C. 2905.05 did not alter division (A) of the statute, the 2001 version of R.C. 2905.05(A), under which Smith was convicted, suffers from the same constitutional infirmities as the 2008 version held to be overbroad in *Romage*. Thus, Smith stands convicted under an unconstitutional statute.

{¶22} The United States Supreme Court has long held,

An unconstitutional law is void, and is as no law. An offence created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void * * *. It is true, if no writ of error lies, the judgment may be final, in the sense that there may be no means of reversing it. But * * * if, the laws are unconstitutional and void, the [trial] Court acquired no jurisdiction of the causes [because] [i]ts authority to indict and try the [defendants] arose solely upon these laws.

*Ex parte Siebold*, 100 U.S. 371, 376-377, 25 L.Ed. 717 (1880), quoted in *Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718, 730-731, 193 L.Ed.2d 599 (2016). *Accord Middletown v. Ferguson*, 25 Ohio St.3d 71, 80, 495 N.E.2d 380 (1986); *Cincinnati, Wilmington and Zanesville RR. Co. v. Clinton Cty.*, 1 Ohio St. 77, 86 (1852); *Hogg v. Zanesville Canal & Mfg. Co.*, 5 Ohio 410, 417 (1832); *Spier v. Am. Univ. of*

*Caribbean*, 3 Ohio App.3d 28, 30, 443 N.E.2d 1021 (1st Dist.1981) (holding that an unconstitutional statute is void ab initio). Nevertheless, the state insists that Smith was not entitled to relief from his convictions based on *Romage*, because *Romage* applied only to cases on direct review, and Smith's convictions had become final well before *Romage* was decided. We conclude, to the contrary, that the rule of *Romage* applied retroactively and required Smith's child-enticement convictions to be vacated.

{¶23} Smith's convictions became final in April 2004, when the time for him to perfect a direct appeal had expired. *See Teague v. Lane*, 489 U.S. 288, 295, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); *Agee v. Russell*, 92 Ohio St.3d 540, 2001-Ohio-1279, 751 N.E.2d 1043 (holding that a conviction becomes final when all appellate remedies have been exhausted). The rule of *Romage*—that R.C. 2905.05 is unconstitutionally overbroad—was announced in 2014.

{¶24} A new rule of law applies to criminal cases still pending on direct appeal, but generally does not apply to a conviction that was final when the new rule was announced. *Teague* at 311; *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). But "courts must give retroactive effect to new substantive rules of constitutional law." *Montgomery* at 728, citing *Teague* at 307, and *Schriro v. Summerlin*, 542 U.S. 348, 352, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), fn. 4.

{¶25} "[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague* at 301. A holding is not dictated by then existing precedent unless it would have been "apparent to all reasonable jurists." *Lambrix v. Singletary*, 520 U.S. 518, 527-528,

117 S.Ct. 1517, 137 L.Ed.2d 771 (1997). Applying this standard, we conclude that the rule of *Romage* constituted a "new rule."

{¶26} When, in 2004, Smith's convictions became final, *Romage*'s holding that R.C. 2905.05(A) is unconstitutionally overbroad could not be said to have been "apparent to all reasonable jurists." We had held in 1988 and 1989 that the pre-2001 version of R.C. 2905.05 was not overbroad. *Long*, 49 Ohio App.3d at 2, 550 N.E.2d 522; *Kroner*, 49 Ohio App.3d at 134-135, 551 N.E.2d 212. Then, in 2005, we upheld the 2001 version of the statute, despite its amendment extending its reach to "any manner" of enticements. *Clark*, 1st Dist. Hamilton No. C-040329, 2005-Ohio-1324, at ¶ 8. Not until 2008 did an Ohio appellate court hold that R.C. 2905.05(A) was overbroad. *See Chapple*, 175 Ohio App.3d 658, 2008-Ohio-1157, 888 N.E.2d 1121, ¶ 18. *Accord Goode*, 2013-Ohio-556, 989 N.E.2d 107; *Romage*, 2012-Ohio-3381, 974 N.E.2d 120. *See also Cieslak*, 8th Dist. Cuyahoga No. 92017, 2009-Ohio-4035, at ¶ 16. And the conflict among the appellate districts on the issue of overbreadth was not resolved until 2014, when the Ohio Supreme Court decided *Romage*. Thus, in 2004, when Smith's convictions became final, precedent did not dictate a holding that the 2001 version of the statute under which he had been convicted was unconstitutionally overbroad. Accordingly, in 2014, when it held in *Romage* that R.C. 2905.05(A) was unconstitutionally overbroad, the Ohio Supreme Court announced a new rule of constitutional law.

{¶27} A new rule of constitutional law is "substantive," and thus not subject to the bar on retroactive application, if it "place[s], as a matter of constitutional interpretation, certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." *Montgomery*, 136 S.Ct. at

729, 193 L.Ed.2d 599, quoting *Mackey v. United States*, 401 U.S. 667, 692, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971) (opinion concurring in judgments in part and dissenting in part), and citing *Teague*, 489 U.S. at 292, 312, 109 S.Ct. 1060, 103 L.Ed.2d 334, and *Schriro*, 542 U.S. at 352, 124 S.Ct. 2519, 159 L.Ed.2d 442 (recognizing that substantive rules are more accurately characterized as not subject to, rather than an exception to, the retroactivity bar). The effect of the rule in *Romage* was to place beyond the General Assembly's power to punish those acts proscribed under the R.C. 2905.05(A), i.e., soliciting, coaxing, enticing, or luring a child under 14 to accompany a person in any manner and for any purpose. Thus, the court in *Romage* announced a substantive rule of constitutional law.

{¶28} A new substantive rule of constitutional law applies retroactively to a criminal case because such rules "necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.' " *Bousley v. United States*, 523 U.S. 614, 620, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). *Accord Montgomery*, 136 S.Ct. at 734, 193 L.Ed.2d 599; *Schriro*, 542 U.S. at 352, 124 S.Ct. 2519, 159 L.Ed.2d 442. Therefore, when a new substantive rule of constitutional law controls the outcome of a case, that rule must be given retroactive effect, regardless of whether the conviction has become final. *Montgomery*, 136 S.Ct. at 729, 193 L.Ed.2d 599.

{¶29} The new substantive rule of constitutional law announced in *Romage*—that the version of R.C. 2905.05(A) under which Smith was convicted was unconstitutionally overbroad—controls the outcome in Smith's case. Because the statute was unconstitutional, it was void ab initio, and Smith's convictions under the

statute were void. Because Smith's convictions were void, the municipal court had jurisdiction to vacate his convictions and discharge him. We, therefore, hold that the rule of *Romage* applies retroactively to afford Smith the relief from his 2004 child-enticement convictions sought in his 2015 motions to vacate those convictions.

{¶30} Accordingly, we reverse the municipal court's judgments overruling Smith's motions and remand to the court with instructions to vacate his convictions and to order that he be discharged from further prosecution for those offenses.

Judgments reversed and cause remanded.

FISCHER, P.J., and MOCK, J., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.