THE STATE OF OHIO, APPELLEE, *v.* KRONER, APPELLANT.

solicitor, *Terrence R. Cosgrove,* city prosecutor, and *Julie F. Bissinger,* for appellee.

*Porter & McKinney* and *Robert C. Porter III,* for appellant.

*Per Curiam.* Defendant-appellant, James E. Kroner, was convicted of criminal child enticement, R.C. 2905.05, and public indecency, R.C. 2907.09. After a bench trial, the judge sentenced Kroner to one hundred eighty days' imprisonment and fined him $1,000 on the child enticement charge, and to thirty days' imprisonment and a $250 fine on the public indecency charge. The court ordered the sentences to run consecutively.

The evidence at the trial was primarily provided by the victim, a thirteen-year-old girl. The girl testified that, as she was walking down a street near her home in Cincinnati, Kroner drove up to her in a van, opened the passenger door, exposed his penis and invited her to go for "a ride" with him. The girl testified that she refused and Kroner drove off, but that he returned a few minutes later and again asked her, without exposing himself, if she would like to go for a ride.

Kroner admitted asking the girl if she wanted a ride, but testified that he never exposed himself and that he only offered her a ride because he thought she had missed her school bus and needed a ride to school.

Kroner contends in the first of his three assignments of error that the criminal child enticement statute is vague and overbroad.[1] We have previously held that the statute is not

(Nos. C-870558 and C-870559—
Decided September 7, 1988.)

*Richard A. Castellini,* city

---

[1] "Criminal child enticement" is defined in R.C. 2905.05, which states that:

"(A) No person, by any means and without privilege to do so, shall knowingly solicit, coax, entice, or lure any child under fourteen years of age to enter into any vehicle, as defined in section 4501.01 of the Revised Code, whether or not the offender knows the age of the child, if both of the following apply:

"(1) The actor does not have the express or implied permission of the parent, guardian, or other legal custodian of the child in undertaking the activity;

"(2) The actor is not a law enforcement officer, medic, firefighter, or other

facially vague because it provides reasonable notice of the conduct it prohibits. *State* v. *Bertke* (Aug. 10, 1988), Hamilton App. No. C-870524, unreported.

Beyond this, we find that the statute is not unconstitutional as applied in this case. As we see it, the type of conduct in which Kroner allegedly engaged is precisely the type of conduct the statute was designed to punish. The type of conduct covered by the statute can be ascertained with sufficient ease to avoid discriminatory enforcement by the police. See *Smith* v. *United States* (1977), 431 U.S. 291, 309.

Furthermore, the statute is not overbroad. While the statute criminalizes speech, and therefore implicates First Amendment free speech rights, only a statute which is substantially overbroad should be invalidated. *New York* v. *Ferber* (1982), 458 U.S. 747, 769. When a statute is challenged as being overbroad, a court's first task is to determine whether the statute reaches a substantial amount of constitutionally protected activity. *Village of Hoffman Estates* v. *Flipside, Hoffman Estates, Inc.* (1982), 455 U.S. 489, 494.

Kroner has reasserted the same scenario that this court rejected in *Bertke* to demonstrate that the criminal child enticement statute can possibly be construed to impinge on First Amendment rights of free speech.[2] The United States Supreme Court has held that statutes are not invalid merely because of the possibility of a single impermissible application. *Houston* v. *Hill* (1987), 482 U.S. 451, 458. We hold that the statute does not criminalize a substantial amount of constitutionally protected speech, and that it does not accord the police unconstitutional discretion in enforcement. See *State* v. *Harris* (Oct. 26, 1983), Hamilton App. No. C-820973, unreported. Accordingly, we find the statute is not vague or overbroad either facially or as applied to Kroner; therefore, the first assignment of error is overruled.

In the second assignment of error Kroner contends the trial court erred in sentencing him to the maximum possible terms of confinement and in fining him the maximum amounts allowed by law. The first contention Kroner raises is that the trial court erred by not considering the sentencing criteria of R.C. 2929.22. Absent a contrary showing, a judge is presumed to have followed the applicable statute. *State* v. *Gould* (1980), 68 Ohio App. 2d 215, 216-217, 22 O.O. 3d 344, 345, 428 N.E. 2d 866, 867.

---

person who regularly provides emergency services, and is not an employee or agent of, or a volunteer acting under the direction of any board of education, or the actor is any of such persons, but, at the time the actor undertakes the activity, he is not acting within the scope of his lawful duties in that capacity.

"(B) It is an affirmative defense to a charge under division (A) of this section that the actor undertook the activity in response to a bona fide emergency situation or that the actor undertook the activity in a reasonable belief that it was necessary to preserve the health, safety, or welfare of the child.

"(C) Whoever violates this section is guilty of criminal child enticement, a misdemeanor of the first degree. If the offender previously has been convicted of an offense under this section, criminal child enticement is a felony of the fourth degree."

[2] Kroner's scenario consists of a clown in a parade asking a child to ride on his float. We do not pass upon whether this hypothetical situation would constitute a violation of R.C. 2905.05 because that situation is not before us.

We find no error in the record before us. Unless it is patent from the record that the judge unreasonably ignored the requirements of the sentencing statute, or specific acts or lapses in disregard of the statute are shown, this court will not reverse a sentence that is within the penalties provided for by law. *State* v. *Brown* (Oct. 8, 1986), Hamilton App. Nos. C-850890 and C-860049, unreported, at 5. Here, the trial court's statement to the effect that it was of the opinion that the statutory penalties provided by the legislature were insufficient for these particular crimes does not show a disregard for the factors enumerated in the sentencing statute.

Neither does the record demonstrate any error in the imposition of both imprisonment and a fine. R.C. 2929.22(E) provides for a fine in addition to imprisonment when the fine is "specially adapted to deterrence of the offense or the correction of the offender * * *." There is nothing in the record that shows that the fine was imposed for any reason other than deterrence or correction. See *Vandalia* v. *Lesley* (Feb. 26, 1986), Montgomery App. No. 9402, unreported. The second assignment of error is overruled.

The third and final assignment of error contends the convictions are contrary to the manifest weight of the evidence. We need not explain more about the evidence than we have in the opening paragraph of this decision. We have reviewed the record in detail. When we weigh the evidence and consider the credibility of the witnesses, especially that of the victim and Kroner, we find that the trial court did not create a manifest miscarriage of justice in resolving the testimonial conflicts as it did. See *State* v. *Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E. 2d 148; *State* v. *Martin* (1983), 20 Ohio App. 3d 172, 20 OBR 215, 485 N.E. 2d 717. The third assignment of error is overruled.

The judgments are affirmed.

*Judgments affirmed.*

BLACK, P.J., DOAN and KLUSMEIER, JJ., concur.