THE STATE OF OHIO, APPELLEE, *v.* LONG, APPELLANT.

(No. C-870771 — Decided February 22, 1989.)

*Richard A. Castellini,* city solici-tor, *Terrence R. Cosgrove,* city prose-cutor, and *Michael K. Allen,* for ap-pellee.

*E. Ronald Grossheim,* for ap-pellant.

*Per Curiam.* This cause came on to be heard upon the appeal from the Hamilton County Municipal Court.

Defendant-appellant Gregory J. Long has taken the instant appeal from his conviction of criminal child enticement in contravention of R.C. 2905.05. On appeal, he challenges the constitutionality of the statute under which he was charged and convicted, the denial of his Crim. R. 29 motion for acquittal, and the constitutionality of the delay in the imposition of sentence.

The record discloses that on May 12, 1987, at approximately 8:30 p.m., the victim, a thirteen-year-old girl, set off from her home on foot to a nearby service station to purchase a soft drink. On her way to the station, a man stopped his car on the street next to her and offered her money if she would get into the car with him. Although she declined, the man followed her to the service station and repeated his re-quest. Again the victim refused. The man continued to pursue the victim un-til she arrived home. The victim had

1

memorized the license plate number of the man's vehicle, and her mother reported the incident to the police. A car fitting the victim's description as to the make, model and color of the car of her pursuer was traced through the license plate number to defendant, and the victim identified defendant in a photo array.

Defendant was subsequently apprehended and charged with child enticement in connection with the incident. Prior to trial, defendant filed a motion to quash and dismiss the complaint. The motion was overruled. On October 24, 1987, the charge was tried to a jury, and defendant was found guilty as charged. The trial court ordered a presentence evaluation and set sentencing for November 30, 1987. On November 4, defendant filed his notice of appeal, and on the date set for sentencing, the trial court, upon the erroneous assumption that the filing of the notice of appeal deprived it of jurisdiction to sentence defendant, continued the case for sentencing pending appeal.

Defendant's appeal was originally set for hearing on the merits on September 21, 1988. On September 19, the trial court imposed sentence, and an entry to that effect was placed of record by stipulation *nunc pro tunc* to the date of trial, October 26, 1987. On November 22, 1988, defendant submitted an amended brief in which he advances two assignments of error.

Defendant, in his first assignment of error, presents two distinct challenges to the judgment entered below. Initially, he assails the denial of his motion to quash and dismiss the complaint, contending that R.C. 2905.05 is void for vagueness, overbroad, and unconstitutional as applied to him. The challenge is feckless.

This court recently addressed this precise issue in *State* v. *Kroner* (1988), 49 Ohio App. 3d 133, 551 N.E. 2d 212. In *Kroner*, we held that R.C.

2905.05 was not facially vague when it provides reasonable notice of the conduct that it prohibits, see *State* v. *Bertke* (Aug. 10, 1988), Hamilton App. No. C-870524, unreported, and that the statute was not overbroad when it neither criminalizes a substantial amount of constitutionally protected speech nor accords the police unconstitutional discretion in its enforcement. We also found in *Kroner,* under circumstances substantially similar to those at bar, that the statute was not unconstitutional as applied. As in *Kroner,* the type of conduct in which defendant engaged was precisely the type of conduct that the statute was designed to punish. Therefore, we find that R.C. 2905.05 is not unconstitutional as applied to defendant, and we conclude that defendant's motion to quash and dismiss the complaint against him was properly overruled.

Defendant also contends in his first assignment of error that the trial court erred in denying his Crim. R. 29 motions for acquittal made at the close of the state's case and at the close of all evidence. We find no merit to this contention.

Viewing the evidence adduced at trial in a light most favorable to the state, we find it to be such that reasonable minds could reach different conclusions as to whether each material element of the offense charged was proved beyond a reasonable doubt. *State* v. *Bridgeman* (1978), 55 Ohio St. 2d 261, 9 O.O. 3d 401, 381 N.E. 2d 184. We, therefore, overrule defendant's first assignment of error.

In his second assignment of error, defendant contends that the trial court's delay in imposing sentence constituted a violation of the Sixth Amendment guarantee of a speedy trial. This challenge fails.

While we acknowledge the proposition advanced by defendant that the Sixth Amendment guarantee of a

speedy trial extends to the imposition of sentence, see *Juarez-Casares* v. *United States* (C.A. 5, 1974), 496 F. 2d 190, we find that defendant waived this challenge by stipulating to the entry of judgment *nunc pro tunc* to the date of trial, October 26, 1987. Therefore, we overrule the second assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

HILDEBRANDT, P.J., DOAN and KLUSMEIER, JJ., concur.