**CITY OF REYNOLDSBURG, Appellee,**

**v.**

**JOHNSON, Appellant.**

[Cite as *Reynoldsburg v. Johnson* (1992), 78 Ohio App.3d 641.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1113.

Decided March 12, 1992.

*William Underwood,* Reynoldsburg City Prosecutor, and *Thomas Callahan,* for appellee.

*James Kura,* Franklin County Public Defender, and *Paul Skendelas,* Assistant Public Defender, for appellant.

WHITESIDE, Judge.

Defendant, Gerald Johnson, appeals from a judgment of the Franklin County Municipal Court and raises a single assignment of error, as follows:

"The verdict of the trial court was not supported by sufficient credible evidence and was against the manifest weight of the evidence. This deprived appellant of a fair trial and due process of law as guaranteed by the Fifth and

Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution."

Defendant was convicted of child enticement in violation of Section 537.19 of the Reynoldsburg City Code, which provides in pertinent part, as follows:

"(a) No person, by any means and without privilege to do so, shall knowingly solicit, coax, entice or lure any child under fourteen years of age to enter into any vehicle, as defined in Ohio R.C. 4501.01, whether or not the offender knows the age of the child, if both of the following apply:

"(1) The actor does not have the express or implied permission of the parent, guardian or other legal custodian of the child in undertaking the activity;

"(2) The actor is not a law enforcement officer, medic, firefighter, or other person who regularly provides emergency services, and is not an employee or agent of, or a volunteer acting under the direction of any Board of Education, or the actor is any of such persons, but at the time the actor undertakes the activity, he is not acting within the scope of his lawful duties in that capacity."

There is no contention herein that either of the exceptions to the application of the ordinance applies to defendant. Nor is there any contention that the "victim" was fourteen years of age or older, it being uncontested that she was twelve years old.

The testimony at trial was that the victim and another girl were playing inside the friend's home when they heard an automobile horn honking. The girls then rode their bicycles to the corner and observed a man in a black car who was honking the horn at nothing in particular. The girls then rode to the twelve year old's home but noticed that the vehicle followed them. The man in the automobile asked them if they were having fun and, when the girls inquired as to what he meant, he responded by saying, "Well, would you want to have more fun?" In response to further inquiry by the girls, he stated, "Come have fun with me and I'll give you a Twinkie." The man made no other effort to get the girls into the automobile and made no threats to them. Defendant testified and presented evidence that, if believed, would require a finding of not guilty. However, we find no basis for interfering with the judgment of the jury as to the credibility of the twelve-year-old girl. Accordingly, we must view this case with the circumstances being as testified to by the child. The question, therefore, is whether her testimony, if believed, is sufficient to convince the average mind of defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.

The ordinance in question prohibits the solicitation of a child under the age of fourteen to enter an automobile or to coax or entice a child to do so. The

purpose of the person doing the solicitation is not relevant under the terms of the ordinance. It is the act of solicitation, coaxing or enticing a child to enter an automobile that constitutes the crime. The evidence was such that the jury could reasonably find defendant solicited the two girls to get into his automobile and "have fun" with him, in return for which he would give them a Twinkie. This is sufficient evidence to support the conviction under the rule of *Jenks*. Accordingly, the assignment of error is not well taken.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG, P.J., and PEGGY BRYANT, J., concur.