DECISION.
{¶ 1} Defendant-appellant Gordon Clark appeals his conviction for criminal child enticement, a first-degree misdemeanor. After finding him guilty, the trial court sentenced Clark to 180 days. Because there was insufficient evidence that Clark committed the offense, we must reverse his conviction and dismiss the charge against him.
 I. Blowing Kisses {¶ 2} On April 7, 2002, Joy Johnson, 13 years old, and her friend Holly Pointer, were walking down the street. As they passed a hair salon, Clark came out of the salon and told Johnson that she was pretty. Johnson said, "Thank you," and continued walking, while Clark went back into the salon.
 {¶ 3} Johnson talked to some other friends and eventually walked by the hair salon again. This time, Clark began blowing kisses to Johnson from inside the store. Clark also motioned and told Johnson to "come here."
 {¶ 4} Johnson testified that "it was going too far." She and Pointer began running toward Johnson's house, which was on the street behind the salon. When they reached the street, the girls stopped running. But then they saw Clark in the alley behind the store. Clark continued, more forcefully, to tell Johnson to "come here" and asked the girls where they were going. Johnson testified that she felt that she was in danger, and she and Pointer continued running to her house.
 {¶ 5} When Johnson reached her home, she told her father, Thomas Lovett, about the encounter. Lovett instructed her to walk back to the hair salon while he followed at a distance to see what would happen. Johnson and Pointer walked back to the street in front of the salon. Clark was talking to a man in a truck in front of the salon. When Clark saw Johnson, he again began blowing kisses at her, winking, and waving.
 {¶ 6} After seeing Clark blow kisses to Johnson, Lovett became angry. He sent Johnson home and then confronted Clark. He told Clark that he was making his daughter feel uncomfortable. Lovett, Clark, and the man in the truck who had been talking to Clark became involved in a short verbal exchange. Ultimately, Lovett went home and called the police.
 II. No enticement {¶ 7} The statute proscribing criminal child enticement states, "No person, by any means and without privilege to do so, shall knowingly solicit, coax, entice, or lure any child under fourteen years of age to accompany the person in any manner * * *."[1] In his single assignment of error, Clark argues that the criminal childenticement statute is void for vagueness, and that there was insufficient evidence to convict him.
 {¶ 8} We have previously held that the criminal child-enticement statute is not unconstitutionally vague or overbroad.[2] In State v.Kroner, we held that the statute provides reasonable notice of the conduct it prohibits. We also held that, while the statute criminalizes speech, it does not criminalize a substantial amount of constitutionally protected speech, and that it does not accord the police unconstitutional discretion in enforcement.[3] Therefore, we reject Clark's assertion that the statute is unconstitutional.
 {¶ 9} Clark also contends that the evidence presented by the state was insufficient to convict him. It was.
 {¶ 10} A challenge to the sufficiency of the evidence asks whether the evidence is legally adequate to support a verdict on all elements of an offense.[4] The relevant inquiry in a claim of insufficiency is whether any rational factfinder, viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proved beyond a reasonable doubt.[5]
 {¶ 11} The evidence, as viewed in a light most favorable to the state, showed that Clark had told Johnson that she was pretty, that he had blown kisses and had waved to her, and that he had told her to "come here." The statute requires that the offender "solicit, coax, entice, or lure" a child. We conclude that the evidence simply does not prove that Clark's behavior rose to the level of child enticement.
 {¶ 12} In almost all cases resulting in a conviction for criminal child enticement, the offender had committed a more overt act of enticement than simply asking a child to "come here." Moreover, the offender typically had approached the victim.
 {¶ 13} For example, in Reynoldsburg v. Johnson, the offender honked his car horn and then followed two girls to their home.[6] He then asked them if they would like to have fun and offered them some food. InState v. Hurd, two girls were waiting in a car for their mother to return when the offender asked them if they had something going on in the car and, if not, that he did.[7] A little later, he returned and asked them if they wanted to go to a party at a friend's house. In State v. Kroner,
the offender exposed himself and then asked a girl if she wanted a ride in his car.[8] In State v. Long, the offender offered money to a girl if she would get into his car.[9] When she declined, the offender followed the girl and repeated his request. And in State v. Smith, the offender asked a girl if she would like to go to his truck for some cigarettes.[10] When she refused, he offered her some beer.
 {¶ 14} In the cases cited, the offenders' intent to lure the children away with them was much clearer than in the present case. The offenders invariably offered the children food, money, fun, or some other type of inappropriate gift. The offenders' actions were also more aggressive than anything Clark did, and they often followed the children.
 {¶ 15} During the entire encounter between Clark and Johnson, Clark never left the vicinity of the hair salon where he worked. And the only statements Clark made to Johnson were to tell her that she was pretty, to ask that she "come here," and to ask where she was going.
 {¶ 16} We think the present case is more analogous to State v.Goerner.[11] In that case, Goerner had met several young girls who had asked him for his pager number. He gave it to them, and the girls later paged him and asked him to meet them. Goerner did, and then drove them to a store. While in the car, one of the girl's parents saw them, leading to Goerner's arrest for criminal child enticement. We concluded that, although Goerner's behavior was "foolish" and "not exemplary," it was not criminal, and we reversed his conviction.
 {¶ 17} Similarly, Clark probably should not have been blowing kisses and waving to a thirteen-year-old girl. He also should have realized that his behavior was not well-received and should have stopped his attempts to interact with Johnson. And maybe he had an evil intent — but that would be pure speculation.
 {¶ 18} Although Clark's behavior was probably inappropriate, and we can certainly understand why Johnson's father was concerned, we cannot, on the record before us, hold as a matter of law that he committed criminal child enticement. Therefore, we reverse his conviction and discharge him from further prosecution.
 {¶ 19} But nothing in the record indicates that Clark's sentence of 180 days in jail was stayed while this appeal was pending. Therefore, our reversal of his conviction is likely too late to matter, as we can only assume that he has already served his entire sentence.
Judgment reversed and appellant discharged.
Hildebrandt, P.J., and Gorman, J., concur.
[1] R.C. 2905.05(A).
[2] See State v. Long (1989), 49 Ohio App.3d 1, 2, 550 N.E.2d 522;State v. Kroner (1988), 49 Ohio App.3d 133, 134-135, 551 N.E.2d 212;State v. Bertke (Aug. 10, 1988), 1st Dist. No. C-870524.
[3] See Kroner, supra.
[4] See State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541.
[5] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[6] See Reynoldsburg v. Johnson (1992), 78 Ohio App.3d 641,605 N.E.2d 996.
[7] See State v. Hurd (1991), 74 Ohio App.3d 94, 598 N.E.2d 72.
[8] See State v. Kroner, supra.
[9] See State v. Long, supra.
[10] See State v. Smith, 12th Dist. No. CA2001-01-009, 2002-Ohio-1729.
[11] See State v. Goerner (Nov. 26, 1999), 1st Dist. Nos. C-990206, C-990207, and C-990208.