OPINION
{¶ 1} Defendant-appellant, Walter Carle, appeals the decision of the Ashtabula Municipal Court, finding him guilty of one count of Criminal Child Enticement. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On August 8, 2005, a Complaint was filed against Carle in the Ashtabula Municipal Court, charging him with one count of Criminal Child Enticement, a misdemeanor of the first degree in violation of R.C.2905.05(A). *Page 2 
 {¶ 3} On October 13, 2006, the matter was tried before a jury. The following facts were established on the testimony of Jessica Loyd, age thirteen at the time the complaint was filed. Loyd testified that on August 3, 2005, she had walked from her grandmother's house on Station Avenue to Rite Aid Pharmacy on Route 20 (West Prospect Road), to purchase hearing-aid batteries for her grandmother. It was about 7:30 p.m.
 {¶ 4} As she was returning to her grandmother's house, Carle approached her in a van at the corner of Station Avenue and West 39th Street. Loyd testified she had seen Carle before, but did not know him. Carle asked Loyd if she needed a ride and if she needed help with anything. Carle had stopped the van and "looked like he was going to get ready to open the door to get out." Loyd became scared, picked up a rock, and ran the remaining two blocks to her grandmother's house. After eating dinner, Loyd noticed Carle's van circling the block and was able to obtain his license plate number.
 {¶ 5} The jury found Carle guilty.
 {¶ 6} On January 4, 2007, Carle was sentenced to sixty days in jail, with one day credited and twenty-nine days suspended on condition that he commit no similar offense involving minor children in a three year period, that he remain 200 yards from the property boundary of any schools, and that he not enter onto Station Avenue, Bonniewood Estates, or public libraries. Carle was given the option of satisfying the remaining thirty days in jail by serving ninety days of electronically monitored house arrest. Carle was fined $250 and ordered to pay costs. Carle's sentence has been stayed pending appeal.
 {¶ 7} On appeal, Carle raises the following assignments of error: *Page 3 
 {¶ 8} "[1.] The evidence produced at trial was insufficient to convict defendant-appellant of Criminal Child Enticement thereby denying him due process of law as guaranteed by Article I, Section 10 of the Constitution of the State of Ohio and the Fourteenth Amendment to the United States Constitution.
 {¶ 9} "[2.] Defendant-appellant's conviction on the charge of Criminal Child Enticement was against the manifest weight of the evidence thereby requiring reversal."
 {¶ 10} The Ohio Rules of Criminal Procedure provide that a defendant may move the trial court for a judgment of acquittal "if the evidence is insufficient to sustain a conviction." Crim.R. 29(A). "`Sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury," i.e. "whether the evidence is legally sufficient to support the jury verdict as a matter of law."State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52, quoting, Black's Law Dictionary (6 Ed.1990), 1433. Essentially, "sufficiency is a test of adequacy," that challenges whether the state's evidence has created an issue for the jury to decide regarding each element of the offense. Id.
 {¶ 11} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307, 319. In reviewing the sufficiency of the evidence to support a criminal conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the *Page 4 
crime proven beyond a reasonable doubt." Jenks, 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 12} Weight of the evidence, in contrast to its sufficiency, involves "the inclination of the greater amount of credible evidence."Thompkins, 78 Ohio St.3d at 387 (emphasis sic) (citation omitted). Whereas the "sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support the verdict as a matter of law, * * * weight of the evidence addresses the evidence's effect of inducing belief." State v. Wilson, 113 Ohio St.3d 382,2007-Ohio-2202, at ¶ 25 (citation omitted). "In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's?" Id.
 {¶ 13} Generally, the weight to be given to the evidence and the credibility of the witnesses is primarily for the trier of fact to determine. State v. Thomas (1982), 70 Ohio St.2d 79, at syllabus. When reviewing a manifest weight challenge, however, the appellate court sits as the "thirteenth juror." Thompkins, 78 Ohio St.3d at 387 (citation omitted). The reviewing court must consider all the evidence in the record, the reasonable inferences, and the credibility of the witnesses, to determine whether, "in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id., quoting Martin, 20 Ohio App.3d at 175.
 {¶ 14} The Criminal Child Enticement statute provides, in relevant part, that "[n]o person, by any means and without privilege to do so, shall knowingly solicit, coax, *Page 5 
entice, or lure any child under fourteen years of age to accompany the person in any manner, including entering into any vehicle * * *, whether or not the offender knows the age of the child * * *." R.C. 2905.05(A).
 {¶ 15} Carle's position is that merely asking a child if they need a ride, as a matter of law, does not constitute soliciting, coaxing, enticing, or luring a child ("the mere asking someone if they need a ride without anything more cannot be considered a crime"). The State's position is that it does ("the mere asking is indeed a crime"), when the person asking is "without privilege to do so."
 {¶ 16} The statute does not define "solicit," "coax," "entice," or "lure." After the jury had begun its deliberations at trial, the court was asked to define "solicit." The State urged the court to adopt the definition contained in OJI 507.24, relating to the crime of Solicitation (R.C. 2907.24): "to seek, to ask, to influence, to invite, to tempt, to lead on, or to bring pressure to bear." Counsel for Carle objected to this definition. Thus, the court instructed the jury to apply its "common ordinary understanding of that word * * * in determining whether or not the facts of this case meet that definition."
 {¶ 17} The common, ordinary meaning of the word "solicit" encompasses "merely asking." Cf. Black's Law Dictionary (8th Ed.2004) 1427 ("[t]he act or an instance of requesting or seeking to obtain something; a request or petition"); The New Shorter Oxford English Dictionary (1993) 2940 ("[m]ake request or petition; ask earnestly or persistently, beg"). Most importantly, the solicitation must be made "without privilege." Thus, one may be convicted of Criminal Child Enticement if, without privilege or permission, they knowingly ask a child under fourteen years of age to enter their vehicle. *Page 6 
 {¶ 18} In the present case, there was evidence that Carle asked, without privilege, a child under fourteen years of age to enter his vehicle. Accordingly, there was sufficient evidence under the circumstances in this case to sustain his conviction.
 {¶ 19} Carle relies upon the First District Case of State v.Clark, 1st Dist. No. C-040329, 2005-Ohio-1324, for the proposition that "something more" than mere asking is necessary to sustain a conviction for Criminal Child Enticement. Clark was convicted after blowing kisses at a thirteen-year-old girl, telling her she was pretty, and repeatedly telling her to "come here," as the girl walked past the store where he was working. Id. at ¶ 2-6. The court of appeals reversed the conviction for insufficient evidence.
 {¶ 20} The court reasoned: "In almost all cases resulting in a conviction for criminal child enticement, the offender had committed a more overt act of enticement than simply asking a child to `come here.' * * * [T]he offender typically had approached the victim." Id. at ¶ 12. "During the entire encounter between Clark and [the victim], Clark never left the vicinity of the hair salon where he worked." Id. at ¶ 15. Moreover, "[t]he offenders invariably offered the children food, money, fun, or some other type of inappropriate gift. The offenders' actions were also more aggressive than anything Clark did, and they often followed the children." Id. at ¶ 14.
 {¶ 21} Clark is factually distinguishable from the present case. In the present case, Carle approached Loyd, stopped his truck, and appeared to be getting out of the vehicle. Carle did not simply ask Loyd if she wanted a ride, but also attempted to entice her by offering her help. Finally, Carle continued to drive around the neighborhood after Loyd fled, which conduct ultimately led to his arrest. As the trial judge noticed in *Page 7 
overruling Carle's Criminal Rule 29 motion, Carle was several miles away from his own home when he approached Loyd.
 {¶ 22} The statute prohibits a person without privilege from asking or requesting a child to enter their vehicle, either directly (by soliciting) or indirectly (by coaxing, enticing, or luring). There is no requirement that the enticement be inappropriate, such as an offer of alcohol or money, or that the enticement be innocent, such as an offer of help. Cf. State v. Vandersall, 6th Dist. No. L-03-1010,2003-Ohio-6380, at ¶ 20 (offender offered the child candy);Reynoldsburg v. Johnson (1992), 78 Ohio App.3d 641, 642-643 ("[t]he purpose of the person doing the solicitation is not relevant under the terms of the ordinance"). Nor is there any requirement the offender be aggressive or approach the victim. Here, Carle attempted to induce Loyd to enter his vehicle directly by asking her if she needed a ride and indirectly by asking if she needed help. In this case, the evidence is sufficient to sustain a conviction for Criminal Child Enticement.
 {¶ 23} The purpose of the Child Enticement law is not to punish "good Samaritans" from coming to a child's legitimate assistance. The statute provides that "[i]t is an affirmative defense * * * that the actor undertook the activity in a reasonable belief that it was necessary to preserve the health, safety, or welfare of the child." R.C. 2905.05(B). In the present case, Loyd was walking through a residential neighborhood, during daylight hours, while carrying a package of hearing-aid batteries. There were no circumstances to support a reasonable belief that Loyd was in need of any help.
 {¶ 24} The first assignment of error is without merit.
 {¶ 25} Under the second assignment of error, Carle argues his conviction is against the manifest weight of the evidence. We have already determined Loyd's *Page 8 
testimony was sufficient, if believed, to sustain a conviction. Carle does not dispute any of the State's testimony given at trial and presented no testimony in his defense. Since the State's evidence is uncontested and, as demonstrated above, sufficient to support the conviction, Carle's conviction is not against the manifest weight of the evidence.
 {¶ 26} The second assignment of error is without merit.
 {¶ 27} For the foregoing reasons, Carle's conviction in the Ashtabula Municipal Court of one count of Criminal Child Enticement is affirmed.
 MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur. *Page 1