The STATE of Ohio, Appellee,

v.

CHAPPLE, Appellant.

[Cite as State v. Chapple, 175 Ohio App.3d 658, 2008-Ohio-1157.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22198.

Decided March 14, 2008.

Patrick J. Bonfield, Dayton Law Director, and Deirdre Logan, Dayton Chief Prosecuting Attorney, and Raymond L. Bilott, Assistant Prosecuting Attorney, for appellee.

Rion, Rion & Rion, L.P.A., Inc., and Jon Paul Rion, for appellant.

BROGAN, Judge.

{¶ 1} Murray Chapple appeals from his conviction and sentence on two charges of criminal child enticement in violation of R.C. 2905.05(A), a first-degree misdemeanor offense.

{¶ 2} Chapple advances two assignments of error on appeal. First, he contends that his convictions should be overturned because R.C. 2905.05(A) is facially overbroad in violation of the Ohio and United States Constitutions. Second, he contends that R.C. 2905.05(A) is overbroad as applied in his case.

{¶ 3} The charges against Chapple stemmed from incidents that occurred on two consecutive days in June 2006. The first day, 12–year–old A.W. was walking on a sidewalk near her home around noon. She testified at trial that she noticed Chapple drive past her twice before stopping the third time and asking whether she wanted a ride. A.W. responded negatively and continued walking. Chapple then drove away.

{¶ 4} The following day, A.W. was sitting on the porch at the apartment where she lived. Chapple pulled his van into a parking spot alongside the building. A.W. testified that he then motioned for her to approach the van. She responded by going inside and getting her older brother. When A.W. came back outside with her brother, Chapple pulled away. As he did so, A.W.'s mother, F.W., arrived home in her car. A.W. and F.W. proceeded to follow Chapple's van until it stopped near another apartment building. F.W. testified that she then confronted Chapple about trying to get her daughter into his van. Chapple denied having done so. When F.W. accused Chapple of having tried to do the same thing the previous day, he replied that the neighborhood was bad and he thought A.W. might have needed a ride.

{¶ 5} For his part, Chapple testified and admitted asking A.W. whether she wanted a ride the first day. He also acknowledged that he may have circled around twice before stopping. Chapple explained that he is a realtor who buys and sells property in the area where A.W. was walking. When he offered A.W. a ride, he was driving around looking for homes. He stated that he offered the

ride because she was alone in a dangerous neighborhood. Chapple also admitted parking outside of A.W.'s apartment the following day. He testified that he was unaware that she lived there. He denied seeing her or motioning her toward his vehicle. Chapple stated that he merely stopped to find a street on his map.

{¶ 6} After hearing testimony from A.W., F.W., and Chapple, the trial court found him guilty on two charges of criminal child enticement in violation of R.C. 2905.05(A). The trial court sentenced him to 180 days in jail, imposed a $1,000 fine, and classified him as a child-victim offender. The trial court also ordered his sentence held in abeyance pending appeal.

{¶ 7} At the time of Chapple's June 2006 encounters with A.W., R.C. 2905.05 provided:

{¶ 8} "(A) No person, by any means and without privilege to do so, shall knowingly solicit, coax, entice, or lure any child under fourteen years of age to accompany the person in any manner, including entering into any vehicle or onto any vessel, whether or not the offender knows the age of the child, if both of the following apply:

{¶ 9} "(1) The actor does not have the express or implied permission of the parent, guardian, or other legal custodian of the child in undertaking the activity.

{¶ 10} "(2) The actor is not a law enforcement officer, medic, firefighter, or other person who regularly provides emergency services, and is not an employee or agent of, or a volunteer acting under the direction of, any board of education, or the actor is any of such persons, but, at the time the actor undertakes the activity, the actor is not acting within the scope of the actor's lawful duties in that capacity.

{¶ 11} "(B) It is an affirmative defense to a charge under division (A) of this section that the actor undertook the activity in response to a bona fide emergency situation or that the actor undertook the activity in a reasonable belief that it was necessary to preserve the health, safety, or welfare of the child.

{¶ 12} "(C) Whoever violates this section is guilty of criminal child enticement, a misdemeanor of the first degree. * * *." 150 Ohio Laws, Part V, 8038.[1]

{¶ 13} In his first assignment of error, Chapple contends that R.C. 2905.05(A) is unconstitutionally overbroad on its face. In support, he argues that the statute sweeps within its reach a substantial amount of speech and activity protected by the First Amendment. Indeed, Chapple notes that the statute essentially forbids

---

1. Effective January 1, 2008, the legislature amended R.C. 2905.05 by adding a new division (B) and redesignating former divisions (B), (C), and (D) as new divisions (C), (D), and (E). The new division (B) provides that "[n]o person, with a sexual motivation, shall violate division (A) of this section." 2007 Am.Sub.S.B. No. 10.

anyone from asking a child under the age of 14 to accompany that person anywhere for any purpose absent the existence of a privilege, a perceived emergency, or parental consent.

{¶ 14} Chapple concedes, however, that he did not raise his overbreadth argument in the trial court. The "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, syllabus. We retain the discretion, of course, to consider a waived constitutional argument under a plain-error analysis. *In re M.D.* (1988), 38 Ohio St.3d 149, 151, 527 N.E.2d 286. An error qualifies as "plain error" only if it is obvious and but for the error, the outcome of the proceeding clearly would have been otherwise. *State v. Macias,* Darke App. No. 1562, 2003-Ohio-1565, 2003 WL 1596472, citing *State v. Yarbrough,* 95 Ohio St.3d 227, 245, 2002-Ohio-2126, 767 N.E.2d 216. Having reviewed R.C. 2905.05(A), we believe that Chapple has demonstrated plain error. The overbreadth of the statute is plain on its face.[2]

{¶ 15} "It has long been recognized that the First Amendment needs breathing space and that statutes attempting to restrict or burden the exercise of First Amendment rights must be narrowly drawn and represent a considered legislative judgment that a particular mode of expression has to give way to other compelling needs of society." *Broadrick v. Oklahoma* (1973), 413 U.S. 601, 611–612, 93 S.Ct. 2908, 37 L.Ed.2d 830. " 'A clear and precise enactment may * * * be "overbroad" if in its reach it prohibits constitutionally protected conduct.' " *Akron v. Rowland* (1993), 67 Ohio St.3d 374, 387, 618 N.E.2d 138, quoting *Grayned v. Rockford* (1972), 408 U.S. 104, 114, 92 S.Ct. 2294, 33 L.Ed.2d 222. "In considering an overbreadth challenge, the court must decide 'whether the ordinance sweeps within its prohibitions what may not be punished under the First and Fourteenth Amendments.' " Id., quoting *Grayned* at 115, 92 S.Ct. 2294, 33 L.Ed.2d 222. " 'Only a statute that is substantially overbroad may be invalidated on its face.' " Id., quoting *Houston v. Hill* (1987), 482 U.S. 451, 458, 107 S.Ct. 2502, 96 L.Ed.2d 398. "In order to demonstrate facial overbreadth, the party challenging the enactment must show that its potential application reaches a significant amount of protected activity. Nevertheless, criminal statutes 'that make unlawful a substantial amount of constitutionally protected conduct may be

---

**2.** Parenthetically, we note that Chapple's failure to give the Ohio Attorney General notice of his constitutional challenge to R.C. 2905.05(A) is not an issue in this case. The Ohio Supreme Court has held that the notification requirement found in R.C. 2721.12 applies only to declaratory judgment actions. *Cleveland Bar Assn. v. Picklo,* 96 Ohio St.3d 195, 2002-Ohio-3995, 772 N.E.2d 1187, ¶ 6–7.

held facially invalid even if they also have legitimate application.' " Id., quoting *Houston* at 459, 107 S.Ct. 2502, 96 L.Ed.2d 398. A defendant may challenge a statute as being facially overbroad in violation of the First Amendment " 'with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity.' " *Broadrick,* 413 U.S. at 612, 93 S.Ct. 2908, 37 L.Ed.2d 830, quoting *Dombrowski v. Pfister* (1965), 380 U.S. 479, 486, 85 S.Ct. 1116, 14 L.Ed.2d 22; see also *Schaumburg v. Citizens for a Better Environment* (1980), 444 U.S. 620, 634, 100 S.Ct. 826, 63 L.Ed.2d 73 ("Given a case or controversy, a litigant whose own activities are unprotected may nevertheless challenge a statute by showing that it substantially abridges the First Amendment rights of other parties not before the court").

{¶ 16} Regardless of whether a more narrowly drawn statute legitimately could have prohibited Chapple's conduct in this case, R.C. 2905.05(A) criminalizes a substantial amount of activity protected by the First Amendment. The statute prohibits a person without privilege or permission from knowingly soliciting a child under the age of 14 to accompany the person in any manner for any purpose. As the Eleventh District recently observed when reviewing the sufficiency of the evidence to sustain a conviction under R.C. 2905.05(A), "[t]he common, ordinary meaning of the word 'solicit' encompasses 'merely asking.' " *State v. Carle,* Ashtabula App. No. 2007–A–0008, 2007-Ohio-5376, 2007 WL 2909750. The motive for the solicitation is irrelevant, and there is no requirement that the offender be aggressive toward the victim. Id.

{¶ 17} The child-enticement statute presumably is intended to prevent child abductions or the commission of lewd acts with children. But R.C. 2905.05(A) fails to require that the prohibited solicitation occur with the intent to commit any unlawful act. Instead, the statute appears to infer a criminal intent from countless innocent acts. As Chapple points out, the statute very well might criminalize a senior citizen asking a neighborhood boy to help carry her groceries, to help her across the street, or to rake leaves in her back yard for money. Moreover, because the statute applies to any "person," and not just to adults, it very well might criminalize a 13–year–old boy asking his 13–year–old friend to accompany him on an afternoon bike ride or a trip to the ball field. In each of the foregoing examples, the only potential defense to a criminal charge under R.C. 2905.05(A) would be the existence of permission, which may or may not have been obtained.

{¶ 18} Chapple also points out that the statute criminalizes many innocent scenarios where permission plainly would not exist. For instance, the statute would criminalize a 13–year–old girl accompanying a classmate to a school dance or accompanying her aunt to a movie against her parents' wishes. The potential

applications of R.C. 2905.05(A) to entirely innocent solicitations are endless, largely because the statute fails to require the solicitor to have any illicit intent and fails to distinguish between solicitations made by other children and adults. As a result, we conclude that R.C. 2905.05(A) is substantially overbroad and unconstitutional on its face.[3]

{¶ 19} In opposition to the foregoing conclusion, the state stresses that the First District on at least three occasions has found R.C. 2905.05(A) not unconstitutionally overbroad. See *State v. Kroner* (1988), 49 Ohio App.3d 133, 551 N.E.2d 212; *State v. Long* (1989), 49 Ohio App.3d 1, 550 N.E.2d 522; *State v. Clark*, Hamilton App. No. C–040329, 2005-Ohio-1324, 2005 WL 678565. We note, however, that the version of the statute at issue in *Kroner* and *Long* was much narrower than the version at issue in Chapple's case. When *Kroner* and *Long* were decided, R.C. 2905.05(A) prohibited knowingly soliciting, coaxing, enticing, or luring any child under the age of 14 "to enter into any vehicle." See *Kroner*, 49 Ohio App.3d at 134, 551 N.E.2d 212, fn. 1. The statute was amended effective April 9, 2001, however, and this prohibition was broadened. The version of R.C. 2905.05(A) applicable to Chapple prohibits knowingly soliciting, coaxing, enticing, or luring any child under 14 years of age to accompany the person "in any manner, including entering into any vehicle or onto any vessel." While the former version of the statute was narrowly drawn to prohibit only solicitations to enter vehicles, the version applicable to Chapple prohibits solicitations in any manner. For present purposes, we need not decide whether the version of the statute at issue in *Kroner* and *Long* would survive an overbreadth challenge. Because R.C. 2905.05(A) no longer is limited to solicitations to enter vehicles, *Kroner* and *Long* have little persuasive value. The state's reliance on the First District's more recent decision in *Clark* is equally unpersuasive. In *Clark*, the court summarily cited *Kroner* and *Long* for the proposition that R.C. 2905.05(A) is not unconstitutionally overbroad, without addressing the substantial broadening that occurred in 2001 when the statute was amended to prohibit soliciting a child "in any manner." Because *Kroner* and *Long* involved a narrower version of the statute, we believe that the First District's citation of those cases in the context of overbreadth was misplaced.

---

**3.** In holding R.C. 2905.05(A) to be substantially overbroad, we have considered the possibility of giving the statute a narrower construction to avoid invalidation. See, e.g., *Osborne v. Ohio* (1990), 495 U.S. 103, 112–114, 110 S.Ct. 1691, 109 L.Ed.2d 98 (interpreting an Ohio statute's prohibition against possessing "nude" pictures of minors to mean only nude pictures involving a lewd exhibition of the genitals, thereby avoiding a potential overbreadth problem). In the present case, however, we find a limiting construction to be unavailable. The child-enticement statute prohibits a person from knowingly soliciting a child to accompany the person "in any manner" without regard to motive. Short of rewriting the statute, which we cannot do, its overbroad language is not susceptible of a narrowing construction. *Erznoznik v. Jacksonville* (1975), 422 U.S. 205, 216, 95 S.Ct. 2268, 45 L.Ed.2d 125, fn. 15.

{¶ 20} Finally, we note that the recent amendment of R.C. 2905.05 effective January 1, 2008, may help eliminate the overbreadth problem we have found herein. The new division (B) in the statute provides that "[n]o person, with a sexual motivation, shall violate division (A) of this section." By adding this new division (B), the legislature has added the illicit-intent requirement that is missing under division (A), thereby substantially narrowing the reach of the statute. In any event, the new division (B) was not in effect at the time of Chapple's conduct. He was charged only with a violation of division (A), which we have found to be unconstitutionally overbroad on its face. Accordingly, we sustain Chapple's first assignment of error.

{¶ 21} Chapple's second assignment of error is overruled as moot. The judgment of the Dayton Municipal Court is reversed.

Judgment reversed.

DONOVAN and VALEN, JJ., concur.

ANTHONY VALEN, J., retired, of the Twelfth District Court of Appeals, sitting by assignment.