The STATE of Ohio, Appellee,

v.

BROWN, Appellant.

[Cite as *State v. Brown,* 183 Ohio App.3d 643, 2009-Ohio-4314.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22894.

Decided Aug. 21, 2009.

Mathias H. Heck, Jr., Montgomery County Prosecuting Attorney, and Melissa M. Ford, Assistant Prosecuting Attorney, for appellee.

Flanagan, Lieberman, Hoffman & Swaim, and Kelie M. Niswonger, for appellant.

———

BROGAN, Judge.

{¶ 1} This case is before the court on the appeal of Ronald Brown from his conviction after a bench trial of one count of criminal child enticement. Brown contends that the evidence is insufficient to establish that he solicited a minor to accompany him. We disagree and will affirm.

I

{¶ 2} Twice during the first two months of 2008, Brown approached 11–year–old A.A. as she walked home from the bus stop. The first time, Brown pulled alongside A.A., stopped his car, and called to her, asking if she would help him find his dog. A.A. said "no," and Brown asked again, adding "please" to his request. A.A. was scared and ran home. The second time, Brown was on foot walking towards A.A. He approached her, asking this time if A.A. would help him find a ring. A.A. said "no," and Brown asked if she would "please" help him. She again said "no" and ran home, where A.A.'s mother telephoned the police.

{¶ 3} The state indicted Brown three times, with each indictment containing different charges. Brown was first charged with one court of criminal child enticement and one count of attempted unlawful restraint. Then, he was reindicted and charged with an additional count of criminal child enticement with a sexual motivation. Finally, Brown was charged with two additional counts of attempted abduction. All the charges were based on Brown's second encounter with A.A. Brown pleaded not guilty to all the charges, and on July 21, 2008, a bench trial was held.

{¶ 4} The trial court rendered its verdict on July 31, 2008. The court dismissed the criminal child-enticement charge from the first indictment.[1] The court found Brown not guilty of attempted unlawful restraint and not guilty of

———

1. Brown had filed a motion asking for the dismissal for failure to make reference to a sexual motivation.

the two counts of attempted abduction.[2] But the court did find Brown guilty of criminal child enticement with a sexual motivation. Under the criminal-child-enticement statute, this was a fifth-degree felony for Brown because he was convicted in 1982 and 1983 of gross sexual imposition and rape, both involving a minor. See R.C. 2905.05(D). The trial court sentenced Brown to 12 months in prison.

{¶ 5} Brown timely appealed from the trial court's verdict.

## II

{¶ 6} Brown assigns a single error:

{¶ 7} "The trial court erred when it found the defendant guilty of a violation of the child enticement statute, because the evidence submitted at trial was insufficient to support such a conviction."

{¶ 8} Sufficiency of the evidence concerns whether there is enough evidence as a matter of law to sustain a verdict. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. A reviewing court's job "is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." Id.

{¶ 9} The crime of child enticement is defined in R.C. 2905.05. Brown was convicted under divisions (A) and (B). Division (A) says, "No person, by any means and without privilege to do so, shall knowingly solicit, coax, entice, or lure any child under fourteen years of age to accompany the person in any manner, including entering into any vehicle." Division (B) states, "No person, with a sexual motivation, shall violate division (A) of this section." Brown argues that he simply asked A.A. to help him, which, alone, does not rise to the level of enticement.

{¶ 10} Brown bases his argument primarily on *State v. Clark*, Hamilton App. No. C–040329, 2005-Ohio-1324, 2005 WL 678565. The court in *Clark* said that simply asking a child to "come here" is insufficient to establish guilt. Rather, child enticement requires a more aggressive, overt act, said the court, and it also typically requires that the offender approach the child and entice her with the offer of an inappropriate gift, like food or money. The state, conversely, argues

---

2. A.A. testified that during the second encounter Brown tried to grab her. But the trial court found that the evidence showed that Brown did not come closer than ten feet to her.

that *State v. Carle,* Ashtabula App. No. 2007–A–0008, 2007-Ohio-5376, 2007 WL 2909750, offers a better reading of the statute. The *Carle* court said that because the child-enticement statute does not define "solicit," the ordinary meaning of the word should apply. The ordinary meaning of "solicit" includes merely asking. The court pointed out that there is no statutory requirement that there be an offer of something to entice—whether inappropriate, like alcohol or money, or appropriate, like an offer of help. Nor does guilt require that the offender be aggressive or approach the child.

{¶ 11} Under our legal precedent, Brown's interpretation of the statute is incorrect as a matter of law. We have said that "there is no requirement that the offender be aggressive toward the victim," and further, that the word "solicit" encompasses merely asking. *State v. Chapple,* 175 Ohio App.3d 658, 2008-Ohio-1157, 888 N.E.2d 1121, at ¶ 16, quoting *Carle.* Here, A.A. testified that Brown asked her, "Can you help me find my ring?" The evidence, then, plainly shows that Brown asked or solicited something of A.A. and, under the circumstances, the trial court could infer that Brown wanted the child to "accompany" him to another location.

{¶ 12} "The child-enticement statute presumably is intended to prevent child abductions or the commission of lewd acts with children." *Chapple* at ¶ 17. This is why the statute prohibits a person from soliciting a minor child to accompany the person in any manner for any purpose. Id. at ¶ 16. A common (perhaps the most common) fact pattern in child-enticement cases involves a defendant asking, or enticing, a child to enter his vehicle. See, e.g., *Carle* ; *State v. Hurd* (1991), 74 Ohio App.3d 94, 598 N.E.2d 72; *State v. Smith* (Apr. 15, 2002), Butler App. No. CA2001–01–009, 2002 WL 553705; *State v. Kroner* (1988), 49 Ohio App.3d 133, 551 N.E.2d 212; *State v. Long* (1989), 49 Ohio App.3d 1, 550 N.E.2d 522. Plainly, a vehicle allows easy abductions or a place to commit lewd acts or a means to transport a child to a place where such acts can be performed. Here though, Brown asked A.A. only to help him. Also, A.A. twice testified that Brown never asked her to go anywhere with him:

{¶ 13} "Q: Did—he never asked you to go anywhere with him, right?

{¶ 14} "A: No.

{¶ 15} "Q: Even when he pulled up to you in the car allegedly, he didn't ask you to go anywhere, right?

{¶ 16} "A: No.

{¶ 17} "Q: I want to make sure I was right. He never, either the first time or the second time, said to you, get in my car? He never said that, right?

{¶ 18} "A: No.

{¶ 19} "Q: Okay. He never said, come with me, right?

{¶ 20} "A: No."

{¶ 21} Still, viewing the evidence in the light most favorable to the state, it would be reasonable to infer from his request for help that accompaniment was what Brown had in mind. A.A. testified that Brown was walking toward her before he approached and asked her to help him find a ring. As he was not on his hands and knees searching, the search was more than likely to take place elsewhere, requiring A.A. to accompany Brown. The evidence, therefore, is sufficient to prove that Brown violated the statute by soliciting A.A. to accompany him. We note that Brown does not raise any issues regarding his motivation.

{¶ 22} The sole assignment of error is overruled.

## III

{¶ 23} Having overruled Brown's sole assignment of error, the trial court's judgment is affirmed.

Judgment affirmed.

DONOVAN, P.J., and FAIN, J., concur.