[Cite as *State v. Goode*, 2013-Ohio-556.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 26320 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOHN D. GOODE | | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. 11 CRB 10642 |

DECISION AND JOURNAL ENTRY

Dated: February 20, 2013

BELFANCE, Judge.

**{¶1}** John Goode appeals his conviction for child enticement. For the reasons set forth below, we reverse.

I.

**{¶2}** A complaint was filed against Mr. Goode, charging him with child enticement under R.C. 2905.05. Prior to trial, Mr. Goode argued that R.C. 2905.05(A) was unconstitutionally overly broad. At the close of the State's case, Mr. Goode made a Crim.R. 29 motion for acquittal and reiterated his argument that R.C. 2905.05(A) was unconstitutional. The trial court denied his motion and subsequently found Mr. Goode guilty of child enticement. It sentenced him to 180 days in jail but suspended the sentence.

**{¶3}** Mr. Goode has appealed, raising four assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO FIND AND RULE THAT R.C. 2905.05[(A)] IS UNCONSTITUTIONAL ON ITS FACE AND/OR AS APPLIED TO APPELLANT, WHICH CONSTITUTES ERROR REQUIRING REVERSAL IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶4}   In Mr. Goode's first assignment of error, he argues that R.C. 2905.05(A) is unconstitutionally overbroad.  We agree.

{¶5}   This Court reviews constitutional challenges to statutes de novo.  *In re E.D.*, 194 Ohio App.3d 534, 2011-Ohio-4067, ¶ 8 (9th Dist.).  "A clear and precise enactment may * * * be 'overbroad' if in its reach it prohibits constitutionally protected conduct."  *Akron v. Rowland*, 67 Ohio St.3d 374, 387 (1993), quoting *Grayned v. Rockford*, 408 U.S. 104, 114-115 (1972). "[T]he party challenging the enactment must show that its potential application reaches a significant amount of protected activity.  Nevertheless, criminal statutes 'that make unlawful a substantial amount of constitutionally protected conduct may be held facially invalid even if they also have legitimate application.'"  *Rowland* at 387, quoting *Houston v. Hill*, 482 U.S. 451, 459 (1987).

{¶6}   Mr. Goode was convicted of violating R.C. 2905.05(A), which provides,

No person, by any means and without privilege to do so, shall knowingly solicit, coax, entice, or lure any child under fourteen years of age to accompany the person in any manner, including entering into any vehicle or onto any vessel, whether or not the offender knows the age of the child, if both of the following apply:

(1) The actor does not have the express or implied permission of the parent, guardian, or other legal custodian of the child in undertaking the activity.

(2) The actor is not a law enforcement officer, medic, firefighter, or other person who regularly provides emergency services, and is not an employee or agent of,

or a volunteer acting under the direction of, any board of education, or the actor is any of such persons, but, at the time the actor undertakes the activity, the actor is not acting within the scope of the actor's lawful duties in that capacity.

Mr. Goode urges this Court to adopt the conclusion of *State v. Chapple*, 175 Ohio App.3d 658, 2008-Ohio-1157 (2d Dist.), which held R.C. 2905.05(A) to be "substantially overbroad and unconstitutional on its face." [1] *Id*. at ¶ 18. *See also State v. Romage*, 10th Dist. No. 11AP-822, 2012-Ohio-3381, ¶ 10 (adopting the reasoning of *Chapple* and concluding that R.C. 2905.05(A) is unconstitutional); *Cleveland v. Cieslak*, 8th Dist. No. 92017, 2009-Ohio-4035, ¶ 12-16 (concluding in reliance on *Chapple* that a municipal ordinance that closely mirrored R.C. 2905.05(A) was unconstitutional).

{¶7} "It has long been recognized that the First Amendment needs breathing space and that statutes attempting to restrict or burden the exercise of First Amendment rights must be narrowly drawn and represent a considered legislative judgment that a particular mode of expression has to give way to other compelling needs of society." *Broadrick v. Oklahoma*, 413 U.S. 601, 611-612 (1973). Undoubtedly, R.C. 2905.05(A) has an admirable purpose, which is "to prevent child abductions or the commission of lewd acts with children." *Chapple* at ¶ 17. *See also Kolender v. Lawson*, 461 U.S. 352, 361 (1983). However, as the court in *Chapple* noted, "[t]he common, ordinary meaning of the word 'solicit' encompasses 'merely asking.'" (Internal quotations and citations omitted.) *Id*. at ¶ 16. "R.C. 2905.05(A) fails to require that the prohibited solicitation occur with the intent to commit any unlawful act." *Id.* at ¶ 17.

{¶8} For example, parents picking up their child from school would theoretically violate R.C. 2905.05(A) merely by asking their child's friend if he or she wanted a ride home. Because there is no requirement that a person have ill-intent when asking the child to accompany

---

[1] While *Chapple* dealt with former R.C. 2905.05, current R.C. 2905.05(A) and former R.C. 2905.05(A) are identical.

him or her, R.C. 2905.05(A) prohibits a wide variety of speech and association far beyond the statute's purpose of safeguarding children. Other states with similar statutes at least require illicit intent. For example, a Florida statute prohibits a person from luring a child "into a structure, dwelling, or conveyance for other than a lawful purpose * * *." Fla.Stat.Ann. 787.025(2). The Florida Supreme Court concluded that Fla.Stat.Ann. 787.025(2) was not overbroad or vague because it requires the State prove "that the defendant lured or enticed the child * * * for an 'illegal' purpose, i.e., with intent to violate Florida law by committing a crime." *State v. Brake*, 796 So.2d 522, 529 (Fla.2001). In other words, even beyond the limiting language regarding luring a child "into a structure, dwelling, or conveyance[,]" the Florida statute further narrows its scope to exclude the innocent scenarios that fall within R.C. 2905.05(A). Fla.Stat.Ann. 787.025(2). *See Chapple*, 2008-Ohio-1157, at ¶ 17-18 (setting forth innocent, protected acts that are criminalized by R.C. 2905.05(A)); *Romage*, 2012-Ohio-3381, at ¶ 10.

{¶9} We are also unable to conclude that R.C. 2905.05(C) saves the statute from being overbroad. R.C. 2905.05(C) provides: "It is an affirmative defense to a charge under division (A) of this section that the actor undertook the activity in response to a bona fide emergency situation or that the actor undertook the activity in a reasonable belief that it was necessary to preserve the health, safety, or welfare of the child." One supposes that, in the scenario where a parent picking up his or her child offers another child a ride home, the parent could argue that the offer was made to preserve the health, safety, or welfare of the child rather than leaving him or her unsupervised. However, even if the affirmative defense would arguably protect Good Samaritan parents, it still would not protect a child asking another child to go to an after-school event or on a bike ride. These are very basic societal interactions going to the very idea of

speech and association. By prohibiting these, the statute necessarily infringes on protected speech and conduct.

{¶10} Nevertheless, the State argues that the sweeping nature of R.C. 2905.05(A) is not problematic because "a police officer can distinguish between innocent behavior and criminal behavior under the statute." In other words, the State urges us to ignore the breadth of the statute because it can be selectively enforced. Even if the statute did grant the police the discretion to determine what was illegal and what was legal, similar grants of discretion to police officers have consistently been found to be unconstitutional. *See, e.g., Kolender*, 461 U.S. at 357-358; *Papachristou v. Jacksonville*, 405 U.S. 156, 168-170 (1972).

{¶11} The State also suggests that *Chapple* is not authoritative because the Second District subsequently upheld a conviction for child enticement in *State v. Brown*, 183 Ohio App.3d 643, 2009-Ohio-4314 (2d Dist.). However, the defendant in *Brown* was convicted under R.C. 2905.05(A) and (B), which provides that no person should violate R.C. 2905.05(A) with a sexual motivation. *Brown* at ¶ 9. *See also id.* at ¶ 3, ¶ 4, fn. 1 (noting that the trial court had dismissed the charge brought solely under R.C. 2905.05(A)). Thus, we cannot conclude that Second District implicitly overruled *Chapple* when it decided *Brown*.

{¶12} R.C. 2905.05(A) prohibits a broad range of speech and conduct far beyond its intention to protect children from abductors. For this reason, we cannot conclude that the statute passes constitutional review because it is overbroad. Accordingly, Mr. Goode's first assignment of error is sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT USED PROFFERED TESTIMONY THAT HAD BEEN EXCLUDED FROM THE RECORD IN ITS FINDINGS IN VIOLATION OF THE DUE PROCESS

CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECORD SUFFICIENT EVIDENCE TO SUPPORT [A CONVICTION] IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE, I SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

### ASSIGNMENT OF ERROR IV

MR. GOODE'[S] CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE [] IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶13} Due to our resolution of Mr. Goode's first assignment of error, his second, third, and fourth assignments of error are moot, and, therefore, we decline to address them. *See* App.R. 12(A)(1)(c).

### III.

{¶14} Mr. Goode's first assignment of error is sustained, and his remaining assignments of error are moot. The judgment of Akron Municipal Court is reversed, and the matter is remanded for the court to enter a judgment of acquittal.

Judgment reversed,
and cause remanded.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.


APPEARANCES:

CHARLES W. OLMINSKY, Attorney at Law, for Appellant.

DAWN M. KING, Attorney at Law, for Appellant.

CHERI CUNNINGHAM, Director of Law, GERTRUDE WILMS, Chief City Prosecutor, and MARY A. LOHR, Assistant City Prosecutor, for Appellee.